## Commonwealth v. Williamson

*C. William Kraft, Jr.*, district attorney, and *William R. Toal*, assistant district attorney, for Commonwealth.

*Joseph W. deFuria*, for defendant.

MACDADE, P. J., February 1, 1945.—This is a petition to modify a sentence imposed upon defendant for maintaining a gaming house at this term (December) of court, at which time defendant was sentenced for the offense of bookmaking, which grew out of the same transaction.

We do not favor, as a general practice, the modification of sentences, as it has led to unsavory deeds in

some instances in the past, although we have legal authority for modifying the same.

The right of the court to modify a criminal sentence within the term is well known, and is horn-book law. The court may in its discretion modify a sentence at any time during the term at which the sentence was imposed: Commonwealth v. Dudick, 88 Pa. Superior Ct. 87; Commonwealth v. Dickerson, 24 Del. Co. 123; Commonwealth v. Hottle, 139 Pa. Superior Ct. 128; Commonwealth ex rel. v. Smith, Warden, 152 Pa. Superior Ct. 325; Commonwealth ex rel. v. Smith, Warden, 154 Pa. Superior Ct. 392.

Therefore, with this authority to support what our ruling shall be hereinafter, we have concluded to give defendant's plea favorable consideration, for it was not our intention when passing sentence upon defendant, but an inadvertence, to sentence him upon both indictments—gaming house and bookmaking—when they grew out of the same act and are cognate offenses. For instance, in Commonwealth v. Samyan, 21 D. & C. 401, 50 Montg. 219, it was ruled that where two indictments are charged growing out of a single act it is better practice to sentence on one and to arrest judgment on the other.

Where the same act or transaction constitutes a violation of two distinct statutory provisions, if either charge requires proof of an additional fact, then there are two violations. If not, the violation constitutes only one offense: Commonwealth v. Sprecht, 27 Del. Co. 544.

Where defendant is convicted of more than one offense growing out of the same unlawful act, he cannot be sentenced on more than one count: Commonwealth v. Miles, 27 Del. Co. 340.

In Commonwealth ex rel. v. Ashe, Warden, 340 Pa. 286, the Supreme Court held that where defendant pleaded guilty to charges of assault and battery with intent to commit rape, aggravated assault and battery,

and rape, defendant could be sentenced only on the third or more serious crime charged, as the first and second counts were only constituents of the third count.

Therefore, we hold, defendant having pleaded guilty to bookmaking and to establishing a gambling place, that bookmaking was a component and constituent part of the crime of establishing a gambling place. Thus, defendant should have been sentenced on the other indictment only.

He was sentenced, in addition to the jail sentences, to pay a fine of $500 and costs of prosecution on each indictment. He prays to have returned to him the fine of $500 paid for maintaining a gaming house. If we desire to correct this unintentional error, how is he to get it returned to him when he has already voluntarily paid it to our probation office for deposit in the county treasury, which payment has been made? The law is:

"All fines imposed upon any party, by any court of criminal jurisdiction, shall be decreed to be paid to the commonwealth; but the same shall be collected and received, for the use of the respective counties in which such fines shall have been imposed . . .": Act of March 31, 1860, P. L. 427, sec. 78.

Under this Act of March 31, 1860, P. L. 427, sec. 78, the right of a county in fines is not such as deprives the executive of the power to remit the same: Commutations and Fines (opinion of Attorney General), 18 Dist. R. 737 (1909).

The quarter sessions court may remit the penalty where defendant has been twice convicted of the same offense: Commonwealth v. Martin, 7 Pa. C. C. 153; Commonwealth v. Murray, 15 Lehigh 352; City of Monessen v. Moeller, 12 Westmoreland 91.

Under The General County Law of May 2, 1929, P. L. 1278, art. IV, sec. 384, 16 PS §384, the county commissioners are to receive all fines.

Therefore, it clearly appears that this court has the power to change and modify a sentence within the

term, both as to imprisonment and as to fines. It follows, therefore, that the court can also order the county commissioners and the county treasurer to repay any such fine.