Commonwealth *v.* Mattero et al., Appellants.

Argued March 22, 1957. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P.J., absent).

*Joseph W. deFuria,* for appellants.

*John R. Graham,* Assistant District Attorney, with him *Raymond Start,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 11, 1957:

This is an appeal from the judgment of sentence imposed by the court below after its refusal to grant motions in arrest of judgment and for a new trial to the three defendants who had been convicted before a jury on a charge of bookmaking.

Each defendant was indicted separately for violation of Section 607 of the Act of June 24, 1939, P. L. 872, 18 PS §4607 relating to pool selling and bookmaking.

As the defendants did not testify or present any evidence on their behalf, we must assume that the jury believed the Commonwealth's testimony. From this evidence it appears that Daniel and Frank Drill and William Del Vecchio owned a three story building containing a poolroom and an empty store on the first floor, and apartments on the second and third floors. It is located at 1427 Chester Pike, Ridley Township, Delaware County. Daniel and William also owned a one story taproom known as "Drill's Tavern", located approximately 15 feet from the poolroom, and separated from it by an alleyway. Each building has doors opening into the alleyway opposite each other. The Drills are also known as Del Vecchios.

Several state policemen entered the side door of the poolroom at 12:40 P.M. on April 19, 1956, and found it unoccupied. Officer Dietrich then entered the taproom through the side door, found Frank and Daniel Drill there, brought them over to the poolroom, and searched them. Daniel Drill had two pieces of paper and $48.50 in his trouser pocket and Frank had 4 slips of paper and $230 on his person. Officer Cohen, testifying as an expert, said the papers found on these

two defendants were horse bet slips of the type carried by bookmakers and not players.

Two of the other officers, upon entering the poolroom, heard a noise on the second floor, went upstairs and knocked on a closed door. No one answered the knock on the door. The officers smelled smoke and broke in. They found Anthony Mattero, a defendant in this case, in the apartment near numerous pieces of paper which were burning in a pan on the gas stove. Mattero admitted to Officer McCartney that he was burning an Armstrong racing sheet, and some horse race bets. The officers searched Mattero and found $270 on him. The telephone rang and a voice said: "This is Larry". He asked for odds on a horse, and then placed a bet.

Mattero admitted to Officer Weiner that he was taking bets for a friend.

Frank Drill admitted to Officer Cohen at the hearing that he had "taken a bet from a kid" just before the raid.

Mrs. Keenan, the tenant in the second floor apartment, testified that Daniel Drill made arrangements with her on April 17th to use her telephone in her apartment for a few days by putting an extension on it. When the officers arrived, Mattero told Mrs. Keenan not to open the door, and immediately began to burn papers. He then tried to leave the apartment by the back steps.

A wastebasket in the poolroom contained torn slips of paper which were pieced together. These, and other papers, were identified by Sergeant Cohen as containing names of horses running at certain tracks on April 19, and on several days prior thereto.

The evidence is sufficient to sustain the convictions. In an effort to obtain a new trial the appellants raise a number of objections to the conduct of their trial.

It is their contention, first, that since the three defendants were separately indicted it was error to try them together. The three defendants were arrested in a single raid, and much of the evidence would have been the same had each been tried separately. It is within the discretion of the trial judge to determine whether a number of bills of indictment should be consolidated and tried together. His exercise of this discretion will not be reversed by an appellate court unless there has been a manifest abuse, or a joint trial is so unfair as to be clearly unjust and prejudicial to one or more of the defendants. *Commonwealth v. Kloiber,* 378 Pa. 412, 415, 106 A. 2d 820 (1954); *Commonwealth v. Dixon,* 179 Pa. Superior Ct. 1, 115 A. 2d 811 (1955). There was no abuse of discretion in requiring these three defendants to be tried together.

The Commonwealth introduced into evidence slips of paper containing reference to bets made on April 14th, 16th, and 18th, as well as on April 19th, the date laid in the indictment. The appellants contend that this was an effort to prove prior offenses and should not have been admitted.

They rely upon *Commonwealth v. Polin,* 140 Pa. Superior Ct. 18, 22, 24, 12 A. 2d 798 (1940). In that case the defendants were indicted for violations of the gambling statutes on August 5th, 12th and 19th. The evidence showed violations on July 17th and about two weeks later. When admitting the evidence as to the violations on dates not mentioned in the indictment, the trial judge ruled as follows: "I am permitting this to show the familiarity of this man with the place and not as a basis of conviction on those visits." There was no evidence that the appellants had violated the statute on August 5th, 12th, or 19th. The defendants offered no evidence. This Court in granting a new trial said, "If the rulings were adhered to, and appel-

lants and their counsel could properly assume they would be; neither appellant was in any danger of conviction. Their complaint that they were led into a mistaken sense of security is not without some justification. For these reasons we think they are entitled to a new trial. .

"We are not to be understood, however, as holding that the rulings and instructions of the trial judge during the course of the trial were correct. Quite to the contrary, we are satisfied they were erroneous.

" 'It is not necessary . . . except where time enters into the nature of the offense, to prove the exact time alleged (in the indictment). Any other time may be shown on the trial, if it is prior to the finding of the indictment and within the period prescribed by the statute of limitations.' Commonwealth v. Major, 198 Pa. 290, 300, 47 A. 741. This general proposition is supported by many authorities."

The case before us differs from the *Polin* case in that there is evidence here that the appellants violated the statute on the day named in the indictment. The answer to the contention the appellants are making here can be found in the last two above quoted paragraphs of the *Polin* case.

We see no merit in the contention that the trial judge failed "to warn and charge the jury to limit evidence against one defendant to that defendant alone." The trial judge ruled that the admissions by one defendant could not be used against the other defendants, and the admissions were the most important items of evidence to which the warning could have applied. Furthermore, the defendants did not, at least directly, raise this question in the court below, nor did the defendants request the court to charge upon this point.

Evidence concerning telephone calls placing bets which were answered by the police during the raid was

properly admitted. *Commonwealth v. Palace,* 164 Pa. Superior Ct. 58, 63 A. 2d 511 (1949). Even though these calls did not connect any of the defendants with the betting, they were, nevertheless, admissible to establish the corpus delicti. The slips found in the poolroom were admissible for the same purpose. This and other evidence, including the possession of slips by the defendant, established the corpus delicti and made the admissions of the defendants admissible into evidence.

The appellants claim that there were twelve errors in the charge. We have carefully read the charge in the light of the objections. We conclude that the charge as a whole was fair, and that there is no reversible error to be found in it.

The evidence was sufficient to sustain the conviction. Both the motion in arrest of judgment and the motion for a new trial were properly refused by the court below.

The judgment of sentence is affirmed and the defendants are directed to appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with their sentences, or any part of them which had not been performed at the time this appeal was made a supersedeas.