Commonwealth *v.* Tselepis, Appellant.

450

Argued April 9, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Richard P. Steward,* District Attorney, for Com-
monwealth, appellee.

*James B. Ceris,* with him *Samuel L. Goldstein,* for
appellant.

Opinion by Montgomery, J., June 13, 1962:

Appellant Aristotle Tselepis appeals from judgment of sentence following a verdict of guilty by a jury on the charge of "conducting a lottery", and the refusal of his motions for a new trial and in arrest of judgment.

The verdict established the following facts, viz.:

Having been "tipped" that defendant was conducting a lottery at his confectionery, lunch, and patent medicine business in the Borough of Aliquippa, Beaver County, and that number slips would be found in an aspirin or anacin box on the shelf of his store, County Detectives Mihalic and Meskow visited the premises at 6:55 A.M. on May 26, 1961, which was about the time the shifts changed at the nearby Jones & Laughlin steel mill. They remained on the premises one hour and forty-five minutes. When they first entered they observed defendant, who was behind the counter, receive money and a slip of paper from a man on the other side. When Chief Meskow tried to grab the paper defendant avoided him and put his fist to his mouth. A search of defendant failed to reveal the paper. Later, undated number slips, one showing 23 bets and the other 38 bets, were found in an anacin box on a shelf behind the cash register near where defendant was standing; several people entered the store and looked at defendant with uncertainty, bought nothing and left; while the defendant was serving a colored lady, who had waited for five minutes although no other customers were being served, she emptied her purse and put something in her mouth, which was not recovered although Chief Meskow attempted to do so; five phone calls came in which were answered by the detectives, who received information from three of the callers that they wished to place bets of various amounts on listed numbers (of the other two, one asked for the waitress Marjorie and hung up, and the other hung up immediately).

In this appeal defendant questions the sufficiency of the evidence, the correctness of the court's ruling in receiving into evidence undated number slips, testimony as to "suspicions" and alleged hearsay evidence including the "tip" received by the detectives, and the phone calls. He contends further that the court erred in its charge on the sufficiency of the evidence in failing to state that the jury was required to find that defendant was "substantially" concerned with a lottery, and that it need not find the crime to have been committed on May 26, 1961; also that it erred in not withdrawing a juror on account of an incident relating to defense witness George Blinky.

We find no errors in the court's rulings on the admissibility of evidence. Telephone calls received by police during a raid are admissible. *Commonwealth v. Mattero,* 183 Pa. Superior Ct. 548, 132 A. 2d 905. Current number slips are not necessary; slips bearing other dates are admissible, since a conviction may be based on sufficient circumstantial evidence, which may include possession of various things constituting gambling paraphernalia. *Commonwealth v. Fisher,* 192 Pa. Superior Ct. 288, 161 A. 2d 903. Likewise, evidence as to the reason action is taken is admissible, as an exception to the hearsay rule. The truth of the statement of the third person is immaterial; the fact of its being made is the important consideration. Henry, Pennsylvania Evidence, section 441; 14 P.L.E. Evidence 7; *Weglein v. Golder,* 317 Pa. 437, 177 A. 47; *Wagner v. Wagner,* 158 Pa. Superior Ct. 93, 43 A. 2d 912; *Commonwealth v. Storey,* 49 Pa. Superior Ct. 282. The objection as to the admitting of "suspicions" of the officers is likewise without merit. Their testimony in relation to the colored lady and the man who passed money and a slip of paper to defendant was not evidence of their suspicions but, rather, of their observations. In itself this evidence was totally insufficient

to convict defendant but was a circumstance that the jury had a right to consider in connection with all other evidence in this case. *Commonwealth v. Fisher,* supra.

As to the charge of the court: The Act of June 24, 1939, P. L. 872, §601, 18 P.S. 4601, uses the words "Whoever . . . is in any way concerned in . . . conducting (a lottery)" is guilty of the offense, and in *Commonwealth v. Paul,* 177 Pa. Superior Ct. 289, 111 A. 2d 374, this has been said to mean "being substantially engaged in or taking part in." Defendant apparently relies on this case as well as *Commonwealth v. Polite,* 190 Pa. Superior Ct. 329, 154 A. 2d 287, which refers to it in support of his argument. Although these cases contain such a statement of the meaning of the word "concern", there is no mandate to trial judges, even though requested, to define it or any word used in a statute according to the dictionary. This is emphasized by the statement of the late Judge Ross of this Court in his *Paul* opinion, page 294: "It is crystal clear, however, that the legislature used 'concerned in' to mean 'being substantially engaged in or taking part in' (Black's Law Dictionary, Third Edition) and so any person of common intelligence would have understood it." The trial judge followed the words of the statute, which we think was sufficient. So long as the charge is correct in substance, the court may use its own form of expression and is not required to use language suggested by counsel. *Struppler v. Rexford,* 326 Pa. 545, 192 A. 886. Further, there must have been such error as to mislead the jury to appellant's prejudice for an appellate court to reverse on this ground. *Miller v. Montgomery,* 397 Pa. 94, 152 A. 2d 757.

The charge relating to the time the crime was committed was not error. Although the date was fixed in the indictment as May 26, 1961, a verdict of guilty would be in order had the jury found it to have been

committed at any time within two years. *Commonwealth v. Doria,* 193 Pa. Superior Ct. 206, 163 A. 2d 918; *Commonwealth v. Morrison,* 180 Pa. Superior Ct. 121, 118 A. 2d 258, certiorari denied, 352 U. S. 823, 77 S. Ct. 31, 1 L. Ed. 2d 47; *Commonwealth v. Polin,* 140 Pa. Superior Ct. 18, 12 A. 2d 798.

No abuse of discretion is found in the action of the court in refusing to withdraw a juror on account of the incident relating to the witness Blinky. Judge SOHN polled the jury in the presence of counsel and found that no one of its members was aware of the incident complained of, although some questions were asked of Detective Mihalic in their presence which concerned Blinky. However, Blinky explained away any adverse inferences as to his credibility or as reflecting on defendant when he appeared as a witness and testified that any prior acquaintance with Mihalic had not been in relation to the County Detective office, but in politics, when Mihalic was a candidate for the Aliquippa School Board. We find no prejudicial error on this point to warrant reversal of the verdict.

Finally, as to the sufficiency of the evidence, we conclude that from the direct evidence of the phone calls and the finding of number slips which indicated that they were such as were prepared by a writer and not a player, and the circumstantial evidence of the transmission of money and slips of paper from customers and defendant and his disposal of such paper in a suspicious manner is collectively sufficient to support a conclusion that defendant was concerned with the operation of a lottery as a writer, accepting bets directly and by phone. The jury's verdict based on that conclusion is supported by the record. The verdicts in many of the cases hereinbefore recited were supported by no more evidence than is found here.

Judgment of sentence is affirmed, and it is ordered that the appellant appear in the court below at such

time as he may be there called, and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.