## Commonwealth v. Laniewski, Appellant.

Argued October 4, 1967. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John J. Hudacsek, Jr.,* with him *Hudacsek and Lewis,* for appellant.

*Robert J. Masters,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 14, 1967:

This is an appeal from the per curiam order of the Superior Court, affirming the judgment of sentence of the Court of Quarter Sessions of Beaver County. The appellant, Laniewski, was convicted, in 3 separate counts: 1. Under The Penal Code, §605, 18 P.S. §4605, for establishing a game or hazard at which money or other valuable thing was bet. 2. Under §605, 18 P.S. §4605, for allowing persons to assemble for the purpose of gambling. 3. Under §607, 18 P.S. §4607, for bookmaking. Appellant's motions to quash the indictment and to suppress evidence were denied by the trial court. A verdict of guilty on all three counts was returned by the jury, and motions for a new trial and arrest of judgment were denied. Appellant was sentenced to one year and ordered to pay $500 and costs on the

first two counts, while on the third count (bookmaking) his sentence was suspended and he was placed on probation for a year, conditioned on payment of $500 and costs. After affirmance by the Superior Court, we allowed this appeal.

The facts of the case show that a detective sergeant of the State Police was investigating rackets in Beaver County. As a result of information he received from confidential informers and from personal observation, he went before a justice of the peace and made an affidavit under oath asking for a warrant to search the Sports News, a confectionery in Ambridge. By virtue of the warrant issued by the justice of the peace, two other troopers of the State Police went to the Sports News on September 20, 1963, and conducted a search of the premises for numbers, bets, and other lottery paraphernalia.

When the troopers entered there were about six men in the store. The troopers observed a Western Union ticker tape machine in operation, giving baseball scores, and a chalk board listing the baseball games. While the troopers were searching, one trooper answered several phone calls. One caller bet five dollars to win and two dollars across the board on Bandit Beach in the seventh. A horse named Bandit Beach was running at Waterford Park in the seventh race on September 20, 1963. Another telephone call from "George" bet "Drysdale 200 over Veale or Cardwell to win." A baseball schedule for September 20, 1963, showed that the Pittsburgh Pirates were playing the Los Angeles Dodgers. The probable pitchers listed were Cardwell for the Pirates and Drysdale for the Dodgers. Other persons calling asked for lines or odds. All asked for Frank.

The troopers arrested the defendant and proceeded to the Beaver Falls Sub-Station. On the way to the station the defendant was requested to show the troopers the contents of his billfold. In his billfold defend-

ant had two slips of paper, which were seized by the troopers as evidence of numerous baseball and horse bets placed with defendant.

Appellant alleges numerous errors, which he feels should lead to a reversal. Several of these errors relate to the slips found in appellant's wallet. First, it is contended that his arrest was unlawful, and that any evidence obtained pursuant to such arrest (i.e., the slips) was inadmissible. Appellant first made this argument in support of a motion to suppress evidence, which motion was properly denied. He later renewed his objection to the slips on the grounds of an illegal search and seizure when the slips were introduced at trial. The law in Pennsylvania is that an officer cannot arrest for an ordinary misdemeanor unless present at the commission of the offense. *Commonwealth v. Rubin*, 82 Pa. Superior Ct. 315 (1923). Appellant argues that there was no evidence of any crime committed in the presence of the police officers other than the phone calls received. Although recognizing the admissibility of such phone calls as part of the *res gestae* and thus not subject to the hearsay rule, appellant contends that the calls in themselves are not sufficient to establish a *corpus delicti*. He cites *Commonwealth v. Palace*, 164 Pa. Superior Ct. 58, 63 A. 2d 511 (1949), *Commonwealth v. Mattero*, 183 Pa. Superior Ct. 548, 132 A. 2d 905 (1957) and *Commonwealth v. Ametrane*, 205 Pa. Superior Ct. 567, 210 A. 2d 902 (1965), in which cases there was other evidence of a crime. While we are of the opinion that the phone calls themselves would be sufficient, we hasten to point out the other evidence present in the instant case—the ticker tape machine and the chalk board listing the baseball scores. Thus, the arrest was proper, and the search and seizure pursuant to such arrest was also proper.

Appellant also contends that it was error to permit one of the police officers, Officer Porter, to testify as

to the contents of the two slips of paper from notes he had made of the same and to further transcribe from said notes to a chart in front of the jury. The testi-. mony from the notes we hold to be a proper instance of refreshing recollection. Appellant claims that there. is nothing to be refreshed, that either the slips can be read or they cannot. However, these slips were difficult to decipher; it is certainly possible that a person could decipher them at one time and not be able to do so at another, at least not immediately. There was indeed a memory that could be refreshed. The best evidence rule is not called into play here, as the notes were not themselves introduced into evidence, but merely used to refresh the witness' memory. Nor was it error for the court to permit the witness to demonstrate on the board diagram the contents of the slips. "A wide discretion is vested in the trial judge in permitting demonstrations or experiments to be made in the presence of the jury." Henry, Pa. Evidence, Vol 1, §424. The judge's determination that it would be helpful for the jury to see the diagram on the board was a proper exercise of his discretion.

Appellant seeks reversal on the further ground that the trial court erred in refusing to instruct the jury as to the caution which it must exercise in passing upon the Commonwealth's evidence as to telephone calls. It is true that several cases have held that such evidence should be admitted with caution because of the ease with which it may be counterfeited: *Commonwealth v. Prezioso*, 157 Pa. Superior Ct. 80, 41 A. 2d 350 (1945); *Commonwealth v. Palace*, supra. Although it might be advisable for the trial judge to advise the jury of his caution in admitting such evidence (no decision so holds), failure to do so does not constitute reversible error.

The remainder of appellant's attacks are on the sufficiency of the evidence to sustain the verdicts. We

agree with appellant only as to Count 2 of the indictment, the conviction for allowing persons to assemble for the purpose of gambling. As to Count 3, bookmaking, and Count 1, establishing a game or hazard at which money or other valuable thing was bet, there was sufficient evidence to sustain the verdicts. We will discuss Counts 1 and 3 together, for the conviction for establishing a game or hazard is a correlative of a conviction for bookmaking. In *Commonwealth v. Ametrane,* supra, at 576, where the defendant had been indicted under §605 for "setting up and establishing 'a certain game or device of address, or hazard, called Bookmaking at and upon which money or other valuable thing was then and there unlawfully played for, staked, or betted upon . . .' ", it was held that where, as here, a place is used as a bookmaking establishment a jury may properly find a violation of §605.

Appellant claims that the undated slips taken from his wallet did not constitute evidence of any crime committed within the two-year statute of limitations, Act of March 31, 1860, P. L. 427, §77, 19 P.S. §211, and thus were not evidence that could support the verdict. We do not agree. Properly construed, appellant's contention is an objection to the relevancy of the slips, and we will so treat it. The general rule as to timing of objections is that a specific objection, if overruled by the trial judge, is not sufficient for consideration on appeal of any ground of error other than the one specified. *Commonwealth v. Raymond,* 412 Pa. 194, 202, 194 A. 2d 150 (1963) ; *Walker v. Walker,* 254 Pa. 220, 230, 98 A. 890 (1916) ; Wigmore's Code of Evidence, Third Edition, 1942, §136. Here, appellant objected specifically on the grounds of illegal search and seizure. However, an exception to the general rule exists where on the face of the evidence, considered in its relation to the whole case, there appears no purpose whatever for which the offered evidence could have been on any

condition properly admitted. Wigmore, supra. This exception would apply to any evidence that is irrelevant. Moreover, appellant did raise this matter of irrelevancy in chambers before trial, although he did not object on those grounds when it was first introduced. Thus, the question of irrelevancy is properly before us.

However, we cannot agree with appellant that the slips are irrelevant, or as he puts it, "cannot substantiate the crime of bookmaking". Appellant argues that being undated and with no testimony to establish their age,[1] the slips are not evidence of any crime committed within the two-year period of limitations. However, in *Commonwealth v. Tselepis,* 198 Pa. Superior Ct. 449, 452, 181 A. 2d 710 (1962), it was said in admitting undated number slips where there was no testimony as to age: "Current number slips are not necessary; slips bearing other dates are admissible, since a connection may be based on sufficient circumstantial evidence, which may include possession of various things constituting gambling paraphernalia."

We need not consider whether the slips alone would support a conviction for bookmaking. The ticker tape and chalk board are further evidence. So, too, we have held above, are the telephone calls. *Commonwealth v. Ametrane,* supra; *Commonwealth v. Mattero,* supra; *Commonwealth v. Palace,* supra; *Commonwealth v. Prezioso,* supra.

We agree with appellant that there is no evidence to support his conviction under the second count, for allowing persons to assemble for the purpose of gam-

---

[1] None of the writings on the slips themselves can place them within the two-year period, which would date back to September 30, 1961. We take judicial notice of the fact that the Los Angeles Angels (now California Angels), mentioned in one slip, entered the American League in April, 1961, and thus this slip could indicate an offense committed prior to the two-year period of limitations.

bling, in violation of the second clause of §605, 18 P.S. §4605. A thorough reading of the record reveals no evidence showing that the patrons assembled on the premises engaged in any type of gambling therein.

Furthermore, we also agree with appellant that his sentence was improper. In *Commonwealth v. Williamson,* 33 Del. Co. 220, 54 Pa. D. & C. 6, defendant entered a plea of guilty to charges of bookmaking (§607) and establishing a gambling house (§605) and was sentenced on both counts. The court, in correcting its sentence, properly held that the defendant should have been sentenced on one count only since the same act or transaction constituted a violation of two distinct statutory provisions, neither requiring proof of any additional fact. The instant case is on all fours with *Williamson*.

The order of the Superior Court is reversed; the judgment of sentence of the Court of Quarter Sessions of Beaver County is vacated and the case is remanded to that court for the imposition of sentence in accordance with the views expressed herein.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.