Opinion by
Watkins, J.,
This is an appeal by Alfred Manuszak, the defendant-appellant, from the judgment of sentence in the Court of Quarter Sessions of Bucks County after conviction of the charge of setting up and maintaining a gambling establishment; and from the denial of a motion for a new trial.
The appellant, together with Agostino Indelicato were indicted for setting up and maintaining a gambling establishment and conspiracy. Mr. Peter De-Luca, the lessee of the premises on which the alleged gambling took place and operating under the name of a club, “DeLuca’s Oilers” was indicted separately for setting up and maintaining a gambling establishment and conspiracy. The indictments were consolidated for trial. A demurrer to the conspiracy count was sustained and the jury found all defendants guilty on the other counts.
The defendants Indelicato and Manuszak filed motions for a new trial which were refused; DeLuca filed a motion in arrest of judgment and for a new trial, which also was refused. Indelicato and DeLuca were each sentenced to pay one-half the costs of prosecution and fines of Five Hundred ($500) Dollars. The appellant was directed to pay one-half the costs of prose *242 cution, a fine of Five Hundred (|500) Dollars and undergo imprisonment for not less than sixty (60) days. Indelicato and DeLuca did not appeal.
The appellant contends that there was insufficient evidence to sustain the conviction. He also contends that it was error to permit the admissions against interest to be considered by the jury because the corpus delicti had not been first established. He also contends that there was insufficient evidence to prove proprietorship of the club or room in order to establish the crime.
The facts in this case are well stated by the court below as follows: “At 4:30 A.M. on the morning of April 18, 1964 a four-man detail of police consisting of State Trooper Stephen Luchanski, Pennsylvania State Police Sergeant Andrew Kutney, County Detective Charles Shaw and Vincent Faragalli, Chief of the Bristol Borough Police, raided a premises located in an alley between Dorrance and Penn Street, in Bristol Borough, Bucks County. This particular building had been under surveillance on three occasions prior to this raid. Sergeant Kutney stated that during these periods he observed men entering and leaving the building at various hours of the early morning. On April 17th, a search warrant was obtained. The first of the ‘raiding party’ to gain entrance into the building was Pennsylvania State Police Officer Luchanski, who gained entrance by merely ringing the buzzer and advising the person who answered the door (Indelicate) that ‘Doc told me that I could find a little action here’, to which Indelicate replied ‘You must be the Hunk that Doc told me about’. ‘Doc’ was, during the course of the trial, identified as the defendant Manuszak. Sergeant Kutney, immediately upon entering the premises, perceived nine men sitting around an oval table with deep wells along the outer edge, the type typically designed for the playing of poker. Each man sit *243 ting at the table had cards and poker chips lying in front of him and, as the raiding party entered, some of the men so situate attempted to leave the position previously occupied at the table. It was observed that a twenty-dollar bill disappeared from in front of one of the men. There was, at that time, situated next to Manuszak, a stand in which decks of cards and additional chips were located. This stand was pushed away by Manuszak from the location it occupied when the officers first entered the room. A thorough search of the premises uncovered additional decks of cards, sealed and unsealed, in the locked and unlocked portions of a cabinet located within the premises. The search also revealed an ample supply of poker chips, a refrigerator in operating condition, a stove upon which squid was cooking and a forty-cup coffee urn. A key to the locked cabinet previously mentioned, on request, was produced by Manuszak. The nine men assembled in this room were not from a single community, let alone neighborhood, but from such scattered locations as Mt. Holly, New Jersey; Cornwells Heights, Pennsylvania; Beverly, New Jersey and Levittown, Pennsylvania. The total amount of money found on the persons of the nine occupants was approximately $480; exclusive of chips that were located in front of them, the chips being of two distinct colors, namely, gold' and white.”
The appellant made no admission or confession' whereby the corpus delicti rule became operative. The statements by his co-defendants were expressly limited by the trial court to the defendant making the statement. -
The test of the sufficiency of the evidence is whether, accepting as' true all of the evidence upon which a verdict could have been properly based, it is sufficient to prove beyond a reasonable doubt that the defendant is guilty of the crime charged. Commonwealth v. Morris, 205 Pa. Superior Ct. 105, 109, 207 A. 2d 921 (1965).
*244 It is true also that the corpus delicti can be established by circumstantial evidence. It is sufficient if the circumstances are consistent with the crime even though they are consistent with innocence. Commonwealth v. Kravitz, 400 Pa. 198, 204, 161 A. 2d 861 (1960); Commonwealth v. Homeyer, 373 Pa. 150, 156, 94 A. 2d 743 (1953); Commonwealth v. Reginelli, 208 Pa. Superior Ct. 344, 349, 222 A. 2d 605 (1966).
The evidence discloses that the club known as De-Luca Oilers was under surveillance on three previous nights prior to the raid and on each occasion, from midnight until 3 A.M., men were observed walking in and out of the building. Upon entering the building the police observed nine (9) men sitting at an oval table playing poker, who scrambled to get away until ordered to remain at their places; that there were multi-colored chips, cards and one twenty-dollar bill observed on the table before the players; that there was a wooden poker stand next to the appellant containing two sealed decks of playing cards, loose cards and chips which he attempted to push away from him on the arrival of the police; that an unlocked closet contained four decks of new playing cards, open decks and chips; the appellant on request, produced the key to a locked closet which revealed fourteen more decks of playing cards and four packs of containers; that the players had various sums of money and chips on their persons and had come to the club from scattered locations in Pennsylvania and New Jersey.
From this evidence and the reasonable inferences that can be made therefrom, together with the accouterments of gambling found intact while a game was in progress, was certainly sufficient evidence to submit the issue to the jury.
The contention of the appellant that there was insufficient evidence to establish the appellant’s proprie *245 torship of the club overstates the element of control. “. . . all who aid and assist the proprietor in the commission of the offence (setting up and establishing a gambling device and procuring and permitting persons to gamble), by such acts as standing guard at the door to protect the players against the intrusion of others, looking after the rakeoff to which the house is entitled, and the performance of similar acts, are principals.” Commonwealth v. Ciccone, 85 Pa. Superior Ct. 316, 319-20 (1924).
In the instant case there is no question of his active assistance and equally there is no question of his control over the club and its gambling activity. He was the one who had control of the cards and the chips; he attempted to divest himself of it as the raid began; he had the key to the locked closet which contained gambling paraphernalia. Prom all of this a jury could well find that he exercised control and dominion over the premises. It follows that the appellant both actively assisted in setting up and maintaining a gambling establishment and that he was also in control of, it. But in addition, the exclamation of the doorman, “You must be the Hunk that Doc told me about”, in answer to the policeman’s statement “Doc told me that I could find a little action here”, is admissible as a res gestae statement. Manuszak had been identified as Doc at the trial. Commonwealth v. Laniewski, 427 Pa. 455, 459, 235 A. 2d 136 (1967). This statement' would permit a reasonable inference that the appellant was exercising dominion and control over the premises.
Judgment of sentence is affirmed,- and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.