Commonwealth *v.* Bosman, Appellant.

Submitted September 9, 1968, Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Mary Bell Hammerman,* for appellant.

*James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., November 14, 1968:

On January 19, 1960, appellant Herbert Bosman was convicted by a jury on indictments charging aggravated robbery, carrying a concealed deadly weapon and conspiracy, and was sentenced to 6 to 12 years. No direct appeal was taken, but in May, 1967, appellant was granted the right to file post-trial motions nunc pro tunc as a result of a petition under the Post Conviction Hearing Act. This is an appeal from the denial of appellant's post-trial motion for a new trial.

Appellant's conviction results from his participation in the robbery of a federal savings and loan association. This robbery also precipitated a federal indictment against appellant, who pled guilty to attempted robbery in the United States District Court for the Eastern District of Pennsylvania.

On the morning of January 19, 1960, the date of trial in the instant case, appellant was also tried and convicted by the lower court sitting without a jury on an unrelated charge of illegal possession of liquor. Over appellant's objection, the jury impaneled to sit on the indictments before us now was drawn from veniremen who had been spectators at the previous trial on the liquor charge. In the instant case appellant was tried with three co-defendants. Two of these co-defendants, both of whom pled guilty, testified for the Commonwealth. The third co-defendant, Louise Clay, pled not guilty and did not testify. However, a statement which she had given the police and which implicated appellant in the robbery and conspiracy was introduced into evidence. In addition, the court ste-

nographer for the United States District Court read into the record the proceedings in the District Court on appellant's petition to withdraw his guilty plea to the federal indictment.

Appellant contends that the lower court erred in permitting the jury panel to be composed of veniremen who had been spectators at his trial on the liquor charge, and in permitting the introduction into evidence of the statement of Louise Clay and the proceedings in the District Court on appellant's petition to withdraw his guilty plea.

The use of the statement of co-defendant Louise Clay was prejudicial and requires the grant of a new trial. In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that the introduction into evidence at a joint trial of the out-of-court statement of a co-defendant who is not subject to cross-examination is a denial of a defendant's Sixth Amendment right to confrontation. *Bruton* has been held to be fully retroactive. *Roberts v. Russell*, 392 U.S. 293, 20 L. Ed. 2d 110 (1968).

The Commonwealth seeks to avoid the application of *Bruton* and *Roberts* in this case by arguing that Louise Clay's statement was not prejudicial since it did not implicate appellant. Although the statement does not place appellant at the scene of the robbery, we cannot accept this contention. Clay impliedly indicated that appellant did participate in the robbery when she stated to the police: "Jimmy, Douglas and Herbie [appellant] came back to my apartment and I told them I was going to tell the police that they had done something bad in Germantown, as I had heard about the robbery on the television." Moreover, Clay's statement refers to the fact that appellant was present in Clay's home when some of the loot was divided, that appellant had cautioned Clay to tell everyone that she

had been at home the entire day of the robbery, and that appellant had warned her that because she had participated in the robbery she too could go to jail. These references to appellant's involvement in the robbery and post-robbery activity are incriminating, not exculpatory, and bring the statement within the ambit of *Bruton*.

Since we find that *Bruton v. United States, supra,* requires the grant of a new trial, we need not pass upon other contentions of error raised by the appellant. The order of the court below is reversed and the case remanded for a new trial.

WRIGHT, P. J., would affirm on the opinion of the court below.