Commonwealth *v.* Chapman, Appellant.

Argued November 11, 1968.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*William K. Eckel,* for appellant.

*William G. Shahade,* Assistant District Attorney, with him *Ferdinand F. Bionaz,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 12, 1968:
Judgment of sentence affirmed.

SPAULDING, J., dissents.

24

Dissenting Opinion by Hoffman, J., February 17, 1969:

Appellant was tried and convicted on March 18, 1968, of aiding and assisting the driver of an automobile, in which he was a passenger, in leaving the scene of an accident. The driver was subsequently discharged in a separate action. Appellant contends, *inter alia,* that the court below erred in admitting into evidence the confession of a co-defendant in violation of *Bruton v. United States,* 391 U.S. 123 (1968), and *Roberts v. Russell,* 392 U.S. 293 (1968).

During the course of trial, a confession made by the appellant was introduced into evidence. Thereafter, a similar confession made by the co-defendant, appellant's mother, was admitted. The co-defendant did not testify. The Commonwealth argues that because appellant's confession, which was identical to that of the co-defendant in all material facts, had previously been introduced, the admission of the latter confession was harmless error.

The generally applied rule of *Chapman v. California,* 386 U.S. 18 (1967), that a Constitutional error does not mandate reversal if it is determined that the error is harmless beyond a reasonable doubt is not applicable in all instances of Constitutional error. An exception to the *Chapman* rule is carved out by the automatic reversal doctrine which requires reversal without inquiry as to the impact of the error in cases involving "constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." *Chapman v. California,* supra at 23.

The question posed in this case is whether the automatic reversal doctrine is applicable to violation of *Bruton* rights.[1] The guidelines of inquiry into this

---

[1] The Court did not have occasion to reach this question in *Commonwealth v. Bosman,* 213 Pa. Superior Ct. 258, 247 A. 2d 647

question were delineated in *Commonwealth v. Padgett*, 428 Pa. 229, 237 A. 2d 209 (1968), and *Commonwealth ex rel. Firmstone v. Myers*, 431 Pa. 628, 246 A. 2d 371 (1968). In both *Padgett* and *Firmstone* the Supreme Court indicated that the primary basis for resolving the automatic reversal-harmless error question is the effect which the constitutional error involved has upon the reliability and fairness of the fact-finding process. In this regard, the Court in *Firmstone* indicated that whether retroactive effect has been given to the right is determinative in weighing the effect which violation of the right has upon the fact-finding process.[2] In both *Padgett* and *Firmstone* the result turned upon whether the right involved has been given retroactive effect.

The United States Supreme Court in *Roberts v. Russell*, supra, explicitly indicated that the basis for retroactive application of *Bruton* was that the denial of the right to confrontation goes to the heart of the fact-finding process: " 'We have . . . retroactively applied rules of criminal procedure fashioned to correct serious flaws in the fact-finding process at trial.' [citations omitted]. Despite the cautionary instruction, the admission of a defendant's confession which implicates a

---

(1968). The question raised in *Bosman* was whether *Bruton* and *Roberts* applied to a confession which the Commonwealth mistakenly contended did not implicate the defendant.

[2] The primary consideration utilized by the Supreme Court in determining the retroactivity of constitutional rules of criminal procedure has been whether the rule enhances the reliability of the fact-finding process at trial. Only those rules which substantially affect this process have been held to be retroactive. See *Jackson v. Denno*, 378 U.S. 368 (1964) ; *Linkletter v. Walker*, 381 U.S. 618 (1965) ; *Johnson v. New Jersey*, 384 U.S. 719 (1966) ; *Stovall v. Denno*, 388 U.S. 293 (1967) ; *Roberts v. Russell*, supra. Thus, similar considerations are applicable in evaluating whether a right is to be given retroactive effect and in determining whether its violation can never be treated as harmless error.

codefendant results in such a 'serious flaw'. The retroactivity of the holding in Bruton is therefore required; the error 'went to the basis of fair hearing and trial because the procedural apparatus never assured the [petitioner] a fair determination' of his guilt or innocence." *Roberts v. Russell,* supra, at 294.

Because *Bruton* has been retroactively applied and because *Bruton* violations affect the reliability of the determination of guilt, the automatic reversal doctrine is applicable.

Moreover, the introduction of the confession of the co-defendant did not, in my view, constitute a harmless error., This confession was introduced for the purpose of dramatizing appellant's guilt and it cannot be lightly assumed that it was mere surplusage having no additional impact on the jury, as the Commonwealth now contends. Instead, it is probable that the confession had a repetitive effect which emphasized appellant's prior confession and for this purpose was introduced by the Commonwealth at trial. Accordingly, I am "unable to say, as we must whenever an error of constitutional proportions is alleged to be harmless, that the error of admitting [the confession of the co-defendant] was harmless 'beyond reasonable doubt'. . ." *Commonwealth ex rel. Firmstone v. Myers,* 431 Pa. 628, 635, 246 A. 2d 371 (1968).

For this reason, I would reverse the judgment of sentence and grant a new trial.

JACOBS, J., joins in this dissenting opinion.