**Commonwealth v. Manuszak**

*Ward F. Clark*, for Commonwealth.
*Donald J. Goldberg*, for defendant.

BECKERT, J., January 31, 1969.—Defendant, Alfred Manuszak (Manuszak) has petitioned for relief under the Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, from the judgment of sentence of this court after a conviction on a charge of setting up and maintaining a gambling establishment.

A brief history of the procedural background of this case would appear to be in order.

After a trial, the jury found defendant, and others jointly tried with him, guilty of the above specified criminal offense. Manuszak filed post trial motions which were, after argument, refused by this court: 17 Bucks 93 (1967). Defendant then filed an appeal to the Pennsylvania Superior Court and that court, on June 13, 1968, affirmed this court: Commonwealth v. Manuszak, 212 Pa. Superior Ct. 240 (1968). The factual aspect of the case is adequately reported in the two previously mentioned decisions and, therefore, will not be repeated.

Thereafter defendant, by petition to the Pennsylvania Supreme Court, sought an allowance of an appeal from the judgment of the Superior Court. The

prayer of that petition was refused by the Pennsylvania Supreme Court on October 16, 1968.

As stated, defendant is again before our court seeking relief from the carrying out of the imposition of sentence. The thrust of defendant's present argument is that the trial judge allowed incriminating extrajudicial statements by Manuszak's codefendants to be heard by the jury, tempered, however, by the trial judge's cautioning instructions that the jury should disregard the implicating statements in determining the guilt or innocence of Manuszak. It is agreed by all parties that at the time of the trial and at the time of the various arguments before the lower court and Pennsylvania Superior Court, the admission of such evidence under such circumstances was not reversible error, subject to appropriate instructions. Manuszak now contends that by virtue of Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476, which was decided on May 20, 1968, such extrajudicial statements were inadmissible even with cautionary instructions. We agree that the Bruton case so holds. It should be parenthetically stated at this juncture that Manuszak did not raise or argue the evidentiary question heretofore decided in Bruton. However, we do not consider this to be fatal.

We believe it suffices to say that the holding of the Bruton case is retroactive: Roberts v. Russell, 392 U. S. 293, 88 S. Ct. 1921, 20 L. Ed. 2d 1100, decided June 10, 1968. Any question as to the retroactivity of the scope of the Bruton decision has been laid to rest by the recent decision of our Superior Court in Commonwealth v. Bosman, 213 Pa. Superior Ct. 258, decided November 14, 1968.

Therefore, in accordance with the dictates of Bruton and Bosman we are constrained to grant a new trial and, to effectuate this result, enter the following

## ORDER

And now, January 31, 1969, the sentence of this court as it pertains to defendant, Alfred Manuszak, imposed on June 9, 1967, is hereby vacated and a new trial is granted to defendant.