Commonwealth, Appellant, *v.* Piperata.

Argued June 11, 1969. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles H. Spaziani,* District Attorney, with him *Michael V. Franciosa,* First Assistant District Attorney, for Commonwealth, appellant.

*Renald S. Baratta,* for appellee.

OPINION BY WATKINS, J., September 11, 1969:

This is an appeal by the Commonwealth from an Order of the Court of Quarter Sessions of Northampton County granting the motion of the defendant-appellee, Joseph Piperata, in arrest of judgment, after his conviction of bookmaking and pool-selling, discharging the defendant and dismissing the case against him.

The defendant was indicted for the offenses of pool-selling and bookmaking under the Act of 1939, June 24, P. L. 872, §607, 18 P.S. 4607.

The betting transaction took place in the defendant's poolroom in Easton, Pennsylvania and involved off-track wagering on horses at various tracks in the United States. Edward Young, the Commonwealth's witness, described how he went to the poolroom five or six times between January and March of 1967 for the purpose of betting on horses. The bets were in the amounts of $2 and $4. He selected the horse, named the track where it was running and the defendant took his money and deposited it in a box or drawer. We agree with the Commonwealth that it is unusual to obtain such direct evidence of off-track betting from a bettor. The defense admitted receiving the wagers but had explanations which the jury evidently did not believe.

In motions in arrest of judgment, the Commonwealth is entitled to all reasonable inferences arising from the evidence. The effect of the motion is to admit all facts that the Commonwealth's evidence tends to prove. *Com. v. Moore,* 398 Pa. 198, 157 A. 2d 65 (1959).

The Court must ignore evidence of the defendant and his witnesses which the jury had the privilege of rejecting and must accept as correct all of the Commonwealth's evidence which supports the verdict and

must draw from all the evidence such reasonable inferences as will support the verdict. *Com. v. Donatelli,* 202 Pa. Superior Ct. 565, 198 A. 2d 338 (1964).

The court below held that the defendant cannot be guilty of the offenses of bookmaking and pool-selling under the statute unless there is evidence by the Commonwealth that the defendant recorded the bets or issued written receipts to the bettor. There was no such testimony in this case.

A careful reading of the statute does not permit such a narrow interpretation. The act, in part, provides that: "Whoever engages in pool-selling, or bookmaking, . . . or becomes the custodian or depository for gain, hire or reward of any money, property or thing of value staked, wagered or pledged, or to be wagered or pledged, upon any such result, or receives, registers, records, forwards, or purports or pretends to forward, to or for any race-course, any money, thing, or consideration of value, bet or wager or money, thing or consideration offered for the purpose of being bet or wagered upon the speed or endurance of any man or beast, or occupies any place with books, papers, apparatus or paraphernalia, for the purpose of receiving or pretending to receive, or for recording or registering or for forwarding or pretending or attempting to forward in any manner, any money, thing, or consideration of value, bet or wagered, or to be bet or wagered, for any other person, or receives or offers to receive any money, thing or consideration of value, bet or to be bet at any race-track, or assists or abets in any manner in any of the acts forbidden by this section, is guilty of a misdemeanor, . . ."

The Commonwealth relies properly on the Pennsylvania cases holding that telephone calls alone are sufficient to warrant conviction for bookmaking under the statute. In *Com. v. Laniewski,* 427 Pa. 455, 235 A. 2d 136 (1967), the Supreme Court said at page 459

328

"While we are of the opinion that the phone calls themselves would be sufficient. . ."

Telephone calls received by the police involving the defendant were properly admitted to prove bookmaking although the defendant may not have been present when the calls were received. *Com. v. Ametrane,* 205 Pa. Superior Ct. 567, 210 A. 2d 902 (1965); *Com. v. Gurreri,* 197 Pa. Superior Ct. 329, 178 A. 2d 808 (1962); *Com. v. Mattero,* 183 Pa. Superior Ct. 548, 132 A. 2d 905 (1957).

The telephone calls provide the same information as the Commonwealth produced in this case. In this case, the oral testimony was much stronger as the bet and the money went directly to the defendant and as indicated in some of the telephone bet cases, defendant was not always present and the money of course did not pass. The sender of the phone calls received no receipt and certainly was not in any position to testify as to any recording or writing. The phone calls intercepted by the police most certainly did not involve recording.

The restrictive interpretation of the court below flies in the face of the statute which covers many alternative illegal acts or practices pertaining to off-track betting on horses in addition to the recording and registering of bets and the giving of receipts for bets.

The order of the court below arresting judgment is reversed and the verdict of guilty reinstated.