## Commonwealth *v.* Bufalini, Appellant.

Argued November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John J. Hudacsek, Jr.,* with him *Anthony J. Lalama,* and *Hudacsek & Lewis,* for appellant.

*Joseph M. Stanichak,* Assistant District Attorney, with him *Joseph S. Walko,* District Attorney, for Commonwealth, appellee.

Opinion by Hoffman, J., March 27, 1973:

The only question in this appeal is whether the evidence presented by the Commonwealth in the prosecution of appellant for conducting a lottery[1] was sufficient to sustain a verdict of guilty as returned by the trial judge sitting without a jury.

Pursuant to a search warrant, the state police entered appellant's tavern and conducted a thorough and extensive search of the premises. No physical evidence was discovered during the search. While the police were conducting the search, however, a telephone call was answered by one of the officers. The caller asked to speak with appellant, was told by the officer that appellant was busy, and then gave the officer the following message: "No. 463 on the old and new stock for $1. and No. 352 on the old stock for a dollar." On the basis of this evidence alone, appellant was convicted of conducting a lottery and sentenced to pay a fine of five-hundred dollars and undergo imprisonment for a period of not less than three months nor more than one year.

Our Court has consistently held that evidence of intercepted conversations which indicates the placing of bets at the place called is admissible to prove lottery and bookmaking charges. *Commonwealth v. Smith*, 186 Pa. Superior Ct. 89, 140 A. 2d 347 (1958); *Common-*

---

[1] Act of June 24, 1939, P. L. 872, §601, 18 P.S. 4601. The statute provides, in relevant part: "Whoever, either publicly or privately, erects, sets up, opens, makes or draws any lottery or is in any way concerned in the managing, conducting or carrying on the same, is guilty of a misdemeanor . . . ." The indictment in the instant case charged appellant with "unlawfully concern[ing] himself in divers ways and manners in the managing, conducting and carrying on of a lottery." Such a charge has been defined as "being *substantially* engaged in or taking part in" the conducting of a lottery. *Commonwealth v. Paul*, 177 Pa. Superior Ct. 289, 111 A. 2d 374 (1955); *Commonwealth v. Polite*, 190 Pa. Superior Ct. 329, 154 A. 2d 287 (1959).

*wealth v. Mattero,* 183 Pa. Superior Ct. 548, 132 A. 2d 905 (1957); *Commonwealth v. Ametrane,* 205 Pa. Superior Ct. 567, 210 A. 2d 902 (1965). Whether, however, evidence of one phone call is sufficient to sustain a verdict of guilty has not been answered in any of the cases.

In *Commonwealth v. Laniewski,* 427 Pa. 455, 235 A. 2d 136 (1967), the contention was made that the seizure of numbers slips from the petitioner was the result of a search incident to an unlawful arrest. The basis of the contention was that since the crime charged was only a misdemeanor, the police could not arrest because no crime was committed in their presence. The Supreme Court held that several intercepted bet-making phone calls were sufficient to establish the *corpus delicti* of a crime committed in the presence of the officers, and that, therefore, the arrest was proper. 427 Pa. 455, 459. The court pointed out that there was other evidence to support the arrest. In passing upon the sufficiency of the evidence to sustain the verdict of guilty, the court held that numbers slips, ticker tape noting bets, a chalk board listing bets and odds in addition to the phone calls were sufficient to sustain a verdict of guilty. 427 Pa. 455, 462. The lower court's reliance upon *Laniewski* as supportive of the proposition that one phone call is sufficient to sustain a verdict of guilty was thus misplaced.

A study of Pennsylvania cases shows that, in no case, has evidence of one phone call been held sufficient to sustain a verdict. In all of the cases, there has been either evidence of a number of phone calls or conversations: *Commonwealth v. Piperata,* 215 Pa. Superior Ct. 325, 257 A. 2d 277 (1969), *Commonwealth v. Tselepis,* 198 Pa. Superior Ct. 449, 181 A. 2d 710 (1962); or physical evidence of gambling paraphernalia to corroborate the phone calls. *Commonwealth v. Smith,* su-

pra; *Commonwealth v. Laniewski,* supra; *Commonwealth v. Mattero,* supra.

The cases recognize that evidence of phone calls should be admitted with caution because of the ease with which they may be counterfeited. *Commonwealth v. Palace,* 164 Pa. Superior Ct. 58, 63 A. 2d 511 (1949); *Commonwealth v. Prezioso,* 157 Pa. Superior Ct. 80, 41 A. 2d 350 (1945). This danger is significantly lessened when either a number of phone calls are received or physical evidence corroborates the evidence of phone calls.

As the indictment in the instant case charged appellant with concerning himself with the carrying on or conducting of a lottery,[2] the probative value of one phone call, without more, in proving the crime charged is minimal. Despite the fact that the police were on the premises for approximately one hour and conducted an exhaustive search of the premises, the only evidence of appellant's role in conducting a lottery was one phone call. The total absence of any other evidence indicating the operation of a lottery and the dangerous nature of the only evidence presented leads to the conclusion that the evidence was not of such volume or quality as to overcome the presumption of appellant's innocence and establish appellant's guilt beyond a reasonable doubt.

The judgment of sentence is reversed, and appellant discharged.

WRIGHT, P. J., and WATKINS, J., dissent.

---

[2] As previously indicated, this charge means *substantially* engaged in the carrying on of a lottery.