**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Alex ROBERTS, Defendant-
Appellant.**

**No. 73–1406
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 17, 1973.

10. See note 1 supra.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Roy N. Newman, Rome, Ga., (court appointed) for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Richard H. Still, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

William Alex Roberts was convicted of a robbery of a federally insured bank in violation of 18 U.S.C. § 2113(a). We affirm his conviction.

The First National Bank of Dalton, Georgia, was robbed by four men, two of whom were armed and one of whom was wearing a stocking mask over his face. The three unmasked robbers pled guilty to the offense. The primary issue in the trial below was the identification of Roberts as the fourth participant. Five eye-witnesses who were present in the bank were unable to identify unequivocally Roberts as the masked robber. A sixth witness, Mrs. Gentry, who observed the robbers after they had exited from the bank, testified that Roberts resembled the driver of the get-away car.

The appellant contends that the identification testimony here was so equivocal as to entitle him to a directed verdict of acquittal. We disagree. It is a basic rule of evidence that witnesses need not assert that they are certain of their identification beyond a reasonable doubt. Smith v. United States, 358 F.2d 695 (5th Cir.), cert. denied, 384 U.S. 971,

86 S.Ct. 1862, 16 L.Ed.2d 682 (1966). However, where all the eyewitnesses to the commission of the offense express substantial doubt about their identification of the defendant, the government must present some connecting or corroborating evidence in order to sustain a conviction. United States v. Musquiz, 445 F.2d 963 (5th Cir. 1971); United States v. Johnson, 427 F.2d 957 (5th Cir. 1970). In the present case two eyewitnesses, including Mrs. Gentry and a bank employee, testified that Roberts resembled the fourth robber. In addition to this testimony, the trial record shows that the appellant's fingerprint was found on the get-away car[1] and that on the day following the robbery Roberts was in the unexplained possession of a large amount of cash money. This circumstantial evidence, coupled with the general testimony relative to identification of the appellant, was sufficient to carry the government's case to the jury. Cf. United States v. Rogers, 455 F.2d 407, 410 (5th Cir. 1972).

■ Roberts contends that the trial court committed error when it ordered him, at the government's request, to place the stocking mask worn during the robbery over his face in order to give one witness an opportunity to testify on the similarity of his appearance in this condition to that of the masked robber. The Supreme Court has long held that the Fifth Amendment privilege against self-incrimination offers no protection against compulsion to don an item of apparel worn by the person committing the offense in order to facilitate identification. Holt v. United States, 218 U.S. 245, 252–53, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910); see Schmerber v. California, 384 U.S. 757, 763–64, 86 S.Ct. 1826,

1832, 16 L.Ed.2d 908 (1966); 8 Wigmore on Evidence § 2265, at 394 (McNaughton rev. 1961).

■ We reject the appellant's contention that the government was required to produce additional individuals wearing similar masked garb to stand with the defendant for comparative identification during this in-court procedure. See United States v. Williams, 436 F.2d 1166, 1168–69 (9th Cir. 1970), cert. denied, 402 U.S. 912, 91 S.Ct. 1392, 28 L.Ed.2d 654 (1971); United States v. Moss, 410 F.2d 386, 387 (3rd Cir.), cert. denied, 396 U.S. 993, 90 S.Ct. 488, 24 L.Ed.2d 455 (1969). The court offered to permit the defense to bring into court additional individuals in masked disguise for the purpose of testing the reliability of the witness' identification of the appellant and that this offer was refused.

■ The trial court's action in admitting a pistol identified as being similar to that carried by one of the three unmasked robbers was without error. The appellant was charged both as a principal and as an aider and abetter of the other participants in the robbery. The weapon was relevant to prove intimidation which is a necessary element of the offense under 18 U.S.C. § 2113(a).

■ Roberts asserts he was entitled to a mistrial because, in response to a question of whether she saw any of the robbers in the courtroom, one of the government witnesses identified one of the former codefendants who had pled guilty and was observing the trial as a spectator from the rear of the courtroom. The appellant wholly fails to explain how this identification of another person prejudiced him. The record also shows that the appellant did not object

---

1. Roberts also attacks the admission of this fingerprint testimony. It is true that his fingerprint could have gotten on the get-away vehicle in a completely innocent manner since Roberts knew the owner of the car prior to the crime. However, in view of testimony as to the freshness of the print, an inference of guilt could also be drawn. This made it a matter for the jury to consider. If the jury chose to
accept this latter inference, it would constitute probative circumstantial evidence which could be placed in the identification equation. Its admissibility clearly does not turn upon whether standing alone the evidence would be sufficient to sustain a conviction. Compare United States v. Collon, 426 F.2d 939, 941–942 (6th Cir. 1970).

to this codefendant remaining in the courtroom during the identification and that the appellant did not move for a mistrial on this ground until after the jury had returned its guilty verdict. This belatedly raised point provides no ground for a reversal on appeal.

■ Finally, Roberts contends that he was prejudiced by the prosecutor's closing argument during which he incorrectly stated that Mrs. Gentry had positively identified the appellant as one of the robbers in the get-away car. Any adverse effect of this remark was removed by the prompt action of the trial court. Upon defendant's objection, the court admonished the prosecutor and reminded the jury that Mrs. Gentry had not positively identified the appellant. The court's corrective commentary on the evidence at least effectively denuded the prosecutor's misstatement of any prejudice, if it did not affirmatively aid the defendant.

The conviction is

Affirmed.