STATE v. CHARLES THOMAS TRUEMAN.

227 N. W. 2d 824.

April 4, 1975—No. 44692.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Special Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, Michael McGlennen,* and *David W. Larson,* Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn. St. 609.245, and was sentenced by the presiding judge to an indeterminate prison term not to exceed 7 years. He contends upon this appeal from judgment of conviction and from the order denying his motion for a new trial that (1) there was, as a matter of law, insufficient evidence connecting him to the crime, (2) the trial court erred in requiring him to put on a ski mask similar to one worn by the robber, and (3) the trial court erred in admitting evidence that during police interrogation defendant, after answering several questions, requested counsel when asked if he had committed the crime. We affirm.

We need not dwell long upon the first issue because a reading of the transcript reveals that the state presented a strong case against defendant including the testimony of two eyewitnesses who had an adequate opportunity to observe the robber and who were both able to positively identify defendant, evidence that defendant fit the description of the robber which these witnesses gave police, and evidence that defendant was a friend of the owner of the getaway vehicle (who incidentally was identified as having entered the store 15 minutes prior to the robbery).

The second issue relates to the trial court's requiring defendant, during the prosecution's case-in-chief, to display himself to the jury and the two eyewitnesses wearing a ski mask similar to the one used by the robber. In objecting to this procedure, defense counsel simply stated, "I don't think it is proper." Now on appeal, defendant has become more specific, claiming first that the display violated his privilege against compulsory self-incrimination, and second that it deprived him of a fair trial. Although defendant arguably did not adequately state the grounds of his objection in order to preserve these issues for appeal, we shall nonetheless state our opinion that the display neither vio-

lated defendant's privilege against self-incrimination nor deprived him of a fair trial.

As to the first claim, see United States v. Dionisio, 410 U. S. 1, 93 S. Ct. 764, 35 L. ed. 2d 67 (1973); Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. ed. 2d 908 (1966); Rochin v. California, 342 U. S. 165, 177, 72 S. Ct. 205, 212, 96 L. ed. 183, 193 (1952) (Mr. Justice Douglas, concurring); State ex rel. Trimble v. Hedman, 291 Minn. 442, 192 N. W. 2d 432 (1971); State ex rel. Ford v. Tahash, 278 Minn. 358, 154 N. W. 2d 689 (1967); State v. Garrity, 277 Minn. 111, 151 N. W. 2d 773 (1967); State v. Emerson, 266 Minn. 217, 123 N. W. 2d 382 (1963); McCormick, Evidence, (2 ed.) § 124. As to the second claim, we need only say that although a situation may arise where requiring a defendant to put on certain articles of clothing might deprive him of a fair trial, this is not such a case.

The third issue relates to admission of evidence that during police interrogation and after answering a few questions defendant requested counsel when asked if he had been at the scene of the crime. There is no doubt but that if defendant had objected, the trial court would have erred in admitting this evidence and that this court would have had to consider seriously granting defendant a new trial. See, State v. Roberts, 296 Minn. 347, 208 N. W. 2d 744 (1973). However, in this case defendant was well aware of the probable police testimony as early as the Rasmussen hearing and yet made no objection to its introduction in evidence. In view of this circumstance, we believe that defendant must be deemed to have waived his right to relief upon this ground. See, State v. Watts, 296 Minn. 354, 208 N. W. 2d 748 (1973). We would reverse, notwithstanding the failure to object, only if not to do so would be "to perpetuate a substantial and essential injustice in the sense that as a result an innocent man may have been convicted." State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 551, 141 N. W. 2d 3, 11 (1965). Here, the evidence of defendant's guilt was strong.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.