385 A.2d 544

**COMMONWEALTH of Pennsylvania**

v.

**Albert BENAGLIO, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Tom DIULUS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 9, 1976.

Decided April 13, 1978.

---

John R. Cook and John J. Dean, Pittsburgh, for appellants.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Both appellants were found guilty of burglary, robbery, theft, receiving stolen property, criminal conspiracy, and aggravated assault.

In August of 1974, four men broke into the home of one Harry Reed. His sister-in-law, Rose Reed and her four sons were visiting there at the time. During the course of the robbery, Rose Reed was punched once in the forehead, falling back against a dresser. Harry Reed was punched twice in the ribs and pushed on to the bed. The robbers, wearing stocking masks took money, a television set, and a radio. Two co-defendants testified to the involvement of both appellants and Appellant Diulus was identified by two of the victims.

Appellants raise several points on appeal, only three of which need be considered. The three points are: (1) the jury selection was tainted by the presence of one of the victim's brother in the jury room; (2) there was an improper demonstration allowed at trial; and (3) the trial court erred in not overruling appellants' demurrer to the charge of aggravated assault.

Before the jury was sworn in this case, defense counsel informed the court that one William Reed, a brother of one of the victims had been seen in the jury selection room talking to at least one prospective juror prior to or during the jury selection process. The trial judge questioned both Mr. Reed and the juror to whom Mr. Reed had spoken. Defense counsel was not allowed to question either party. The one juror was excused. The trial judge questioned the remaining jury members and excused another juror. In *Commonwealth v. Santiago*, 456 Pa. 265, 318 A.2d 737 (1974), the Pennsylvania Supreme Court granted a new trial based upon the fact that two jurors overheard out-of-

court remarks by a witness concerning the guilt of a defendant. We feel the same principles as announced in *Santiago,* supra, apply here as well.

■ During the course of the trial while Appellant Diulus, who had testified in his own behalf, was being cross-examined by the prosecuting attorney, he was requested by the attorney to place a nylon stocking over his head. The court allowed the demonstration over defense counsel's objection. The avowed purpose of the demonstration was to show that it would be more comfortable for appellant to remove his glasses first before putting on the stocking. (Appellant Diulus normally wears glasses, while the assailant identified as Diulus did not wear glasses during the course of the robbery.) The prosecutor did not show that the stocking was the same shade as the one used in the robbery or that the house was as well lighted as the courtroom. These factors are irrelevant for the stated purpose of the demonstration. However, since there is a question of identification in this case, the jury could easily have speculated upon the ease of identifying the appellant when he had the stocking on. We recognize that the trial court had wide discretion to allow experiments or demonstrations to be made in the presence of the jury. *Commonwealth v. Laniewski,* 427 Pa. 455, 235 A.2d 136 (1967). However, the probative value of this demonstration is so outweighed by the potential prejudice to the appellants so as to constitute error.

Based upon the totality of the above circumstances—the demonstration with the stocking and the presence of a victim's brother in the jury room—there is too much error to allow the convictions to stand and that a motion for a new trial should have been granted.

■ Appellants also contend that the trial court was incorrect in overruling defense's demurrer to the charge of aggravated assault. Since appellants did not rest following the denial of the motion, all the evidence in the case may be examined. We shall treat the demurrer as a motion in arrest of judgment. *Commonwealth v. Ilgenfritz,* 466 Pa. 345, 353 A.2d 387 (1976). Viewing all the evidence, there does not appear to be "serious bodily harm" as required by

18 Pa.C.S.A. § 2702 for a conviction of aggravated assault. In *Commonwealth v. Alexander*, 237 Pa.Super. 111, 346 A.2d 319 (1975), the court held that a simple punch could constitute aggravated assault. However, the victim of the assault suffered significantly greater harm than in this case. In *Alexander*, supra, the victim suffered a broken nose, two blackened eyes, and required facial stitches. In the present case, the most significant injury amounted to Rose Reed's bump on the head. We do not find that this injury constitutes "serious bodily injury" as is sufficient evidence to prove the intent to cause serious bodily injury.

■ It should be noted that appellants should have only been convicted of simple assault at this first trial, the evidence being insufficient to prove aggravated assault. On retrial, therefore, the appellants cannot be charged with aggravated assault as this would amount to double jeopardy. See *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), and *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 220 A.2d 883 (1966).

The convictions are reversed and the case is remanded for a new trial consistent with this opinion.

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.