STATE of Iowa, Appellee,

v.

Craig Christopher SUDDETH, Appellant.

No. 65006.

Supreme Court of Iowa.

June 17, 1981.

Robert A. Wright, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen., Dan L. Johnston, Polk County Atty., Donald F. Starr, Asst. Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and SCHULTZ, JJ.

ALLBEE, Justice.

The question here is whether trial court erred when refusing to permit defendant to demonstrate before the jury the fit of a pair of shoes, allegedly worn during the commission of a robbery, without becoming a witness and thereby subject to cross-examination and impeachment predicated upon his prior felony record. We hold that this refusal constituted prejudicial error.

I. In October 1979, a Des Moines Hy-Vee food store was robbed by a person wearing women's apparel. Eyewitness accounts established that the robber was attired in a wig, white shawl, yellow dress, hose, high heeled shoes and dark sunglasses. Testimony at trial further revealed the robber appeared to experience difficulty with walking in the high heeled shoes. A policeman working in the store as a security officer at the time of the robbery observed that the shoes were too small, declaring that "the person's heel was past the end of the shoe...." During an ensuing chase by the officer, the robber lost both shoes, which were later recovered. Defendant was subsequently arrested and charged with the robbery.

During trial, the high heeled shoes were admitted into evidence as part of the State's case, without objection by defendant. At the close of all the evidence, defendant having elected not to testify, this colloquy occurred concerning the trying on of the shoes:

MR. WRIGHT: Your Honor, ... may I ask of the Court for a ruling if the defendant were to take the stand and he were asked only to try on these shoes would that subject him to cross examination with respect to all matters of this crime?

THE COURT: If he testifies, takes the stand, I think he is subject to cross examination.

MR. WRIGHT: If he were only asked to try on these shoes?

THE COURT: Well, I would think that would amount to giving evidence, testifying, even though he doesn't do anything but try on the shoes.

MR. WRIGHT: It is the ruling of the Court then there would be no limitation with respect to the cross examination as to the matters gone into on direct examination with respect to this defendant and that we would have a State versus Martin hearing and the prosecuting attorney could go into the matter of previous convictions?

THE COURT: That is correct.

In the further exchange between court and counsel, the court also refused to allow defendant to try on the shoes outside the jury's presence as an offer of proof.

Defendant was convicted of robbery in the first degree while armed with a dangerous weapon. §§ 711.1, 711.2, The Code 1979. *See also* § 902.7, The Code 1979. This appeal was taken from the denial of his motion for new trial. The sole issue presented by defendant centers upon trial court's refusal to permit defendant to try on the shoes without becoming a witness and thereby subject to cross-examination and vulnerable to impeachment.

II. It is apparent that trial court misapprehended the action defendant sought to take in trying on the high heeled shoes as testimonial in nature. We do not, however, so regard it. Instead, such an act would

merely constitute a demonstration, as the State candidly concedes. It was, moreover, the kind of demonstration the State itself could well have requested, and the trial court granted, without violation of defendant's right against self-incrimination. *State v. Norris,* 577 S.W.2d 941, 947 (Mo. App.1979) (error to require that defendant be sworn as witness to demonstrate whether a shoe fit); *see United States v. Pinto,* 438 F.2d 814, 816–18 (3d Cir.), *cert. denied,* 402 U.S. 961, 91 S.Ct. 1622, 29 L.Ed.2d 124 (1971) (defense counsel's action in having defendant stand next to a witness under cross examination was not a "testimonial act."). A plethora of decisions from across the country clearly establish that a criminal defendant may be compelled to provide demonstrative evidence without abridgement of the protection afforded by the fifth amendment, as that amendment extends to evidence testimonial and not demonstrative in nature. *See, e. g., Schmerber v. California,* 384 U.S. 757, 760–65, 86 S.Ct. 1826, 1830–33, 16 L.Ed.2d 908, 914–17 (1966) (discussion of nontestimonial evidence); *Holt v. United States,* 218 U.S. 245, 252–53, 31 S.Ct. 2, 6, 54 L.Ed. 1021, 1030 (1910) (accused compelled to put on blouse); *United States v. Murray,* 523 F.2d 489, 492 (8th Cir. 1975) (defendant required to place wig on his head found in his possession when arrested); *United States v. Roberts,* 481 F.2d 892, 894 (5th Cir. 1973) (per curiam) (no error in ordering defendant at government's request to place stocking mask worn by robber over his face); *United States v. Turner,* 472 F.2d 958, 959 (4th Cir. 1973) (per curiam) (court properly required defendant to don a wig and sunglasses similar to those worn by holdup man); *People v. Montoya,* 190 Colo. 11, 15–16, 543 P.2d 514, 517–18 (Colo.1975) (defendant ordered to give his fingerprints in the presence of the jury in habitual criminal trial was providing only demonstrative evidence); *State v. Anthony,* 332 So.2d 214, 215 (La.1976) (requiring defendant to expose scar did not violate his privilege against self-incrimination); *State v. Williams,* 307 Minn. 191, 196–98, 239 N.W.2d 222, 225–26 (1976) (defendant's rights not violated when ordered to put on a hat found at the scene of crime); *State v. Trueman,* 303 Minn. 426, 427–28, 227 N.W.2d 824, 825 (1975) (per curiam) (no compulsory self-incrimination in requiring defendant to put on a ski mask similar to one used by robber); *State v. Perry,* 291 N.C. 284, 288–92, 230 S.E.2d 141, 143–45 (1976) (no error in requiring defendant to stand before the jury and place an orange stocking mask over his head and face in a certain manner). *See generally* E. Cleary, McCormick's Handbook of the Law of Evidence § 124, at 264–66 (2d ed. 1972); 8 Wigmore on Evidence, §§ 2263, 2265 (McNaughton rev. 1961).

Hence, we conclude that if the State could have requested, and the court compelled, defendant to demonstrate whether the shoes fit, it follows as fundamentally fair that when defendant proposed to try on the shoes before the jury he should have been permitted to do so without being sworn and subjected to cross-examination, so long as the demonstration remained nontestimonial in character. *See State v. Norris,* 577 S.W.2d at 948. Due process demands that a criminal defendant be afforded the right to present evidence in his defense. *See State v. Conner,* 241 N.W.2d 447, 458 (Iowa 1976). Here, the State having placed the high heeled shoes in evidence, defendant only sought to demonstrate whether, or how, they fit him. This, we believe, he had a right to do.

Notwithstanding the State's entreaty that trial court acted within its sound discretion in passing upon the admission of the demonstrative evidence, we conclude that the court's ruling effectively excluded defendant's offering of relevant, demonstrative evidence in his defense, and that this exclusion constituted prejudicial error. Consequently, this case is reversed and defendant granted a new trial.

REVERSED.