575 A:2d 921

**COMMONWEALTH of Pennsylvania**

v.

**Frank Dean THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1990.

Filed May 16, 1990.

Daniel R. Lovette, III, Asst. Public Defender, Johnstown, for appellee.

Christian A. Fisanick, Asst. Dist. Atty., Barnsboro, for Com.

Before WIEAND, McEWEN and HESTER, JJ.

WIEAND, Judge:

Frank Dean Thomas was tried by jury and was found guilty of robbery, theft by unlawful taking, receiving stolen property, simple · assault, making terroristic threats and recklessly endangering another person. Post-trial motions were denied, and Thomas was sentenced on the robbery conviction to serve a term of imprisonment for not less than three (3) years nor more than six (6) years, to make restitution and to pay the costs of prosecution. On each of the remaining charges, Thomas was sentenced to serve concurrent one (1) year periods of probation. A motion to modify sentence was denied, and Thomas appealed. He argues that the trial court erred by: (1) refusing to dismiss the charges against him under Pa.R.Crim.P. 1100; (2) allowing the Commonwealth to introduce into evidence the photo array from which he had been identified; (3) permitting the Commonwealth to impeach his testimony by introducing his notice of alibi defense; (4) allowing the Commonwealth to force him to wear a pair of pantyhose over his face in the presence of the jury for purposes of allowing a witness to identify him; and (5) refusing to grant his motion to modify sentence. Finding no merit in any of these contentions, we affirm the judgment of sentence.

On June 23, 1988, at or about 4:25 a.m., a man wearing a stocking over his face entered a Sheetz convenience store in Johnstown, Cambria County, and grabbed a customer, putting a knife to the customer's throat. The robber then

handed the store clerk a bag and demanded that she fill it with money. During the course of the robbery, the assistant store manager was concealed in an observation room from which he was able to view appellant through a one way mirror from a distance of approximately ten feet. After being given $140 by the store clerk, appellant fled. Later that day, the assistant store manager, Kenneth Wadsworth, identified appellant as the robber from a photo array shown to him by the police. A few days later, Annette Beppler, the clerk, also identified appellant from the same photo array.

Appellant was arrested on June 27, 1988 and charged in connection with the June 23, 1988 robbery of the Sheetz store. He was also charged with another robbery which had taken place on June 2, 1988. Upon motion by the Commonwealth, the charges arising from the two robberies were severed. Appellant's trial for the June 2 robbery was held in December, 1988. His trial on the charges arising out of the June 23 robbery did not commence until March 17, 1989, 262 days from the date of his arrest.[1] Appellant was incarcerated at all times prior to his trial on these charges. He contends that, because he was not brought to trial within 180 days from the date of the filing of the criminal complaint, Rule 1100 compels dismissal of the charges arising out of the June 23 robbery. We disagree.

Rule 1100 provides in pertinent part:

(a). . . .

> (2) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.
>
> . . . .

(e) No defendant shall be held in pre-trial incarceration for a period exceeding one hundred eighty (180) days

---

1. Appellant filed a motion to dismiss pursuant to Rule 1100 on January 31, 1989. This motion was denied, following a hearing, on March 2, 1989.

excluding time described in subsection (c) above. Any defendant held in excess of one hundred eighty (180) days is entitled upon petition to immediate release on nominal bail.

. . . .

(g) For defendants on bail after the expiration of three hundred sixty-five (365) days, at any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated....

Pa.R.Crim.P. 1100(a)(2), (e) and (g). The Superior Court has interpreted these provisions, under circumstances similar to those in the instant case, in the following manner:

[A]ppellant concedes that he was tried within two hundred fifty-seven (257) days after the filing of the criminal complaint. As more specifically set forth above, Rule 1100 provides that a person who is incarcerated must be tried within one hundred eighty days or upon petition he is entitled to immediate release on nominal bail. Rule 1100(a)(2) and (e). It is only after three hundred sixty-five days have passed that appellant is entitled to apply to the court for an order dismissing the charges with prejudice on the ground that his right to a speedy trial had been violated. Rule 1100(g). Since it is uncontested that appellant was brought to trial well within the three hundred sixty-five days required by amended Rule 1100, we find that his right to a speedy trial was not violated.

*Commonwealth v. Shaffer*, 387 Pa.Super. 234, 236–237, 563 A.2d 1270, 1272–1273 (1989) (footnote omitted).

Instantly, appellant was tried within 365 days after the signing of the criminal complaint. As such, there was no basis for a dismissal of charges under Rule 1100. At the conclusion of 180 days, appellant's only remedy was to petition for release on nominal bail. Discharge was not a remedy available to appellant under the circumstances of the instant case.

■ Appellant argues that the trial court erred in allowing the photo array from which he was identified to be introduced into evidence at trial. In his brief, however, appellant's argument on this issue consists of two short sentences, which assert only that the photo array was unreasonably suggestive. Our examination of the photo array discloses that it contained six photographs, each depicting a black male with reasonably similar facial features. All pictures were of the same size and were shot against similar backgrounds. We are unable to find anything unduly suggestive about the array. As appellant has advanced no other reason in support of his contention that the photo array was improperly admitted, there is no basis for this Court to conclude that the trial court erred in allowing the same to be received.

■ Prior to trial, appellant filed a notice of alibi defense in which he listed three alibi witnesses whom he intended to call at trial. When these witnesses were not called, the Commonwealth was permitted to cross-examine appellant regarding his alibi defense and to introduce in rebuttal his notice of alibi. Appellant contends that this was error. A similar issue was presented in *Commonwealth v. Hill,* 378 Pa.Super. 562, 549 A.2d 199 (1988). There the Court reasoned as follows:

[A]ppellant claims that his testimony at trial confirmed that he "abandoned" his alibi defense and, therefore, it was improper for the Commonwealth to present testimony in rebuttal to establish that an alibi notice was filed. Pa.R.Crim.P. 305C(1)(g) provides that:

... if the defendant has filed notice and testifies concerning his presence at the time of the offense at a place or time different from that specified in the notice, the defendant may be cross-examined concerning such notice.

Instantly, appellant's claim that his testimony established an "abandonment" of the alibi defense is insufficient to preclude impeachment as to the lodging of an alibi notice. Rather, appellant must have formally with-

drawn the notice of alibi defense prior to trial. *See Commonwealth v. Alicea*, 498 Pa. 575, 449 A.2d 1381 (1982). The presentation of evidence to contradict appellant's testimony is a risk he assumed when he took the stand. *See Commonwealth v. Bey*, 294 Pa.Super. 229, 439 A.2d 1175 (1982).

Moreover, the fact that the Commonwealth presented rebuttal testimony, rather than cross-examining appellant, to impeach appellant's testimony is of no consequence. It is well settled that "[e]vidence is admissible in rebuttal to contradict that offered by a defendant or his witnesses...." *Commonwealth v. Mangini*, 478 Pa. 147, 161, 386 A.2d 482, 489 (1978), *quoting Commonwealth v. Tervalon*, 463 Pa. 581, 590, 345 A.2d 671, 676 (1975) (citations omitted); *Commonwealth v. Koch*, 446 Pa. 469, 478, 288 A.2d 791, 795 (1972). Appellant's claim lacks merit.

*Id.* 378 Pa.Super. at 566–567, 549 A.2d at 202.

Appellant argues that the rationale in *Commonwealth v. Hill* is inapplicable because his alibi witnesses were unavailable to testify at trial. He states that he was unable to serve these witnesses with subpoenas for his previous robbery trial because their whereabouts were unknown. Our review of the record, however, discloses that at no time prior to trial in the instant case did appellant attempt to withdraw or amend his notice of alibi defense. Indeed, he did not inform the Commonwealth of the alleged unavailability of these witnesses until after the Commonwealth had sought to introduce the notice of alibi defense into evidence. Under these circumstances, we perceive no error in the trial court's allowing appellant to be impeached by his notice of alibi defense. Moreover and in any event, appellant suffered little, if any, prejudice from this impeachment. On re-direct examination appellant explained his failure to call the alibi witnesses because of their unavailability. The Commonwealth did not request a missing witness instruction, nor was such an instruction given.

■ Appellant's principal argument in this appeal is that he was improperly forced to stand in front of the jury and place a pair of pantyhose over his face so that Kenneth Wadsworth, a Commonwealth witness, could make an identification under circumstances similar to those existing at the time of the robbery. Appellant asserts that this procedure violated his constitutional rights, lacked probative value and inflamed the passions of the jury. The Commonwealth, on the other hand, asserts that allowing the witness to identify appellant under conditions similar to those at the time of the robbery constituted a permissible "in court" demonstration.

"A wide discretion is vested in the trial judge in permitting demonstrations or experiments to be made in the presence of the jury." *Commonwealth v. Soli*, 273 Pa.Super. 158, 165, 417 A.2d 216, 219 (1979). See also: *Commonwealth v. Laniewski*, 427 Pa. 455, 460, 235 A.2d 136, 139 (1967); *Commonwealth v. Rompilla*, 250 Pa.Super. 139, 144, 378 A.2d 865, 867 (1977). In *Commonwealth v. Kenon*, 333 Pa.Super. 366, 482 A.2d 611 (1984), for example, the defendant was ordered to try on, in the presence of the jury, a hooded sweatshirt and fatigue jacket, which had allegedly been worn by the robber. In holding that such demonstration was permissible, the Superior Court reasoned as follows:

First, inasmuch as demonstrative evidence is not testimonial it does not activate the right against self-incrimination. *United States v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); *Commonwealth v. Richbourg*, 260 Pa.Super. 438, 394 A.2d 1007 (1978). Secondly, courtroom exhibits of this type are left to the far-reaching discretion of the trial court; accordingly, appellate review is restricted. *Commonwealth v. Laniewski*, 427 Pa. 455, 235 A.2d 136 (1967); *Commonwealth v. Williams*, 317 Pa.Super. 456, 464 A.2d 411 (1983);.

The probative value of having appellant try on the clothing during trial outweighed potential prejudice. In pressing the identification issue, appellant compelled the

Commonwealth to expend significant effort in substantiating the in-court identifications. The experiment displayed for the jury the extent to which appellant's head was covered by the hood. It also indicated whether the sweatshirt and jacket were properly fitted to appellant's body. We perceive no abuse of discretion in conducting a courtroom experiment for these purposes.

*Commonwealth v. Kenon, supra* at 374, 482 A.2d at 615. A similar result was reached in *Commonwealth v. Williams*, 317 Pa.Super. 456, 471–472, 464 A.2d 411, 418–419 (1983), where the Superior Court found no abuse of discretion in the trial court's requiring the defendant, in the jury's presence, to try on a shirt and jacket which had been found near the scene of the crime. See also: *Commonwealth v. Fernandez*, 333 Pa.Super. 279, 283–285, 482 A.2d 567, 569–570 (1984) (not error for trial court to require defendant to shave his beard so as to facilitate identification by Commonwealth witness); *Commonwealth v. Richbourg*, 260 Pa.Super. 438, 444–445, 394 A.2d 1007, 1010 (1978) (defendant properly required to stand during trial to allow Commonwealth witnesses to identify him as having build similar to that of one of perpetrators of crime).

In *Commonwealth v. Benaglio*, 254 Pa.Super. 100, 385 A.2d 544 (1978), the defendant had been compelled to wear a stocking, not for identification purposes, but to demonstrate that it would have been more comfortable for him to remove his eyeglasses prior to putting on the stocking. The Superior Court held that such a demonstration was improper, reasoning that:

> [S]ince there is a question of identification in this case, the jury could easily have speculated upon the ease of identifying the appellant when he had the stocking on. We recognize that the trial court had wide discretion to allow experiments or demonstrations to be made in the presence of the jury. *Commonwealth v. Laniewski*, 427 Pa. 455, 235 A.2d 136 (1967). However, the probative value of this demonstration is so outweighed by the

potential prejudice to the appellants so as to constitute error.

*Commonwealth v. Benaglio, supra,* 254 Pa.Superior Ct. at 103, 385 A.2d at 546. The instant case, however, is distinguishable. Here, the purpose for requiring appellant to put on the pantyhose was to allow a Commonwealth witness, Wadsworth, to make an identification. Under these circumstances, the probative value outweighed any possible prejudice.

In other jurisdictions which have considered this issue, the courts have almost uniformly permitted a trial court to require the defendant to wear a mask or a stocking to facilitate an in court identification. Thus, in *United States v. Domina,* 784 F.2d 1361, 1370–1371 (9th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987), it was held that the district court had not abused its discretion by requiring a defendant to put on a mask so that a witness could attempt to identify him as the perpetrator of a bank robbery. Similarly, in *United States v. Roberts,* 481 F.2d 892, 894 (5th Cir.1973), the Court held that it did not violate a defendant's fifth amendment privilege against self-incrimination to require a robbery defendant to wear a stocking mask in order to give a witness an opportunity to make an identification. Indeed, in *Williams v. Wolff,* 497 F.Supp. 122, 128 (D.Nevada 1980), *aff'd,* 679 F.2d 904 (9th Cir.1982), the Court observed that it was constitutionally permissible to require a defendant, for purposes of facilitating an identification, to put on clothes worn by the perpetrator of a crime, including stocking masks, hats, coats, scarves and sunglasses. See: *Vigil v. People,* 134 Colo. 126, 127–128, 300 P.2d 545, 546–547 (1956) (defendant's constitutional rights were not violated by requiring him to wear a mask at trial so that a witness could identify him from the manner in which he appeared on the night of the alleged robbery); *State v. Trueman,* 303 Minn. 426, 427, 227 N.W.2d 824, 825 (1975) (requiring defendant to display himself to jury and to eyewitnesses while wearing ski mask similar to one used by robber neither violated his privilege against self-incrimination nor deprived him of a fair trial).

See also: *United States v. Satterfield,* 572 F.2d 687, 689–690 (9th Cir.1978), *cert. denied,* 439 U.S. 840, 99 S.Ct. 128, 58 L.Ed.2d 138 (1978); *State v. Perry,* 291 N.C. 284, 286–88, 230 S.E.2d 141, 143–145 (1976). Cf. *People v. Turner,* 22 Cal.App.3d 174, 180–182, 99 Cal.Rptr. 186, 189–191 (1971) (requiring defendant to model scarf and sunglasses similar to those worn by woman who cashed fraudulent check was not violative of due process nor inherently prejudicial); *State v. Edmonds,* 729 S.W.2d 588, 591 (Mo.App.1987) (defendant was properly required to wear wig worn by perpetrator for purposes of in court identification by victims). Compare: *Riley v. Commonwealth,* 620 S.W.2d 316 (Ky. 1981). See generally: Annot., Propriety Of Requiring Criminal Defendant To Exhibit Self, Or Perform Physical Act, Or Participate In Demonstration, During Trial And In Presence Of Jury, 3 A.L.R.4th 374 (1981).

In view of the great weight of authority which permits the procedure followed in this case, we cannot say that it was an abuse of the trial court's discretion to require appellant to wear a pair of pantyhose over his face so that a Commonwealth witness could make an identification under conditions similar to those in which the witness had observed the robber. The witness testified that the pantyhose used in court was similar to the stocking which had been worn by the robber,[2] and the in court identification was made from approximately the same distance as that from which the witness had observed the robbery being committed. Any discrepancies between the conditions during the in court identification and those during the robbery were for the jury to weigh in assessing the weight to be given to the witness's identification testimony. See: *Commonwealth v. Richbourg, supra* 260 Pa.Super. at 445, 394 A.2d at 1010; *Commonwealth v. Rompilla, supra* 250 Pa.Super. at 144, 378 A.2d at 867.

**2.** Specifically, Wadsworth testified that the pantyhose used in court and the stocking worn by the robber were similar because they were made of the same type of material. He observed, however, that the pantyhose were a little lighter in color and had two legs as opposed to the robber's stocking which had only one leg.

Appellant's final complaint is that the trial court summarily dismissed his motion to modify sentence "without proper consideration or reasons." He does not argue that the sentencing procedure was otherwise deficient or that the trial court abused its discretion in imposing sentence. As such, he has failed to demonstrate any basis for finding the sentence improper.

The judgment of sentence is affirmed.