578 A.2d 526

**Jeffrey H. KLINE and Donna L. Kline, Husband and Wife**

**v.**

**Richard P. BEHRENDT, M.D.**

**Appeal of Donna L. KLINE.**

Superior Court of Pennsylvania.

Argued March 27, 1990.

Filed July 30, 1990.

James A. Stranahan, IV, Mercer, for appellant.

Maria Zulick, Verona, for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

KELLY, Judge:

The sole issue raised on appeal is whether the trial court properly denied appellant's request to recall an expert witness to give rebuttal testimony. We affirm the trial court.

Appellant, Donna Kline, brought a malpractice action against the appellee, Richard P. Behrendt, M.D. alleging that his administration of spinal anesthesia during the birth of her child resulted in neurologic damage to her. Appellee's defense was that any injury that may have occurred was the result of pressure by the baby on her sciatic nerve during the birth and not the anesthesia.

After the defense rested, appellant attempted to recall one of its expert witnesses, purportedly to rebut the testimony of the defense's experts on the need for the injection and its causation of any possible injury. After an offer of proof was given, however, the trial court denied allowance to present the proffered rebuttal evidence because the witness would only be repeating what he had already stated during prior direct testimony. (N.T. 1/20/88 at 569–580).

After a jury verdict in favor of the appellee, appellant filed post-trial motions which were denied. This timely appeal followed.

Upon review of the record, the briefs, and the well-reasoned opinion of the trial court, and especially the testimony of the experts, we find that the trial court did not err when it denied appellant's request to recall one of its expert witnesses. The appellant's proposed rebuttal testimony was composed solely of information already presented or immaterial to the issue of causation; consequently, there was no abuse of discretion in its exclusion. *Jewelcor Jewelers v. Corr*, 373 Pa.Super. 536, 542 A.2d 72 (1988); *Neal by Neal v. Lu*, 365 Pa.Super. 464, 530 A.2d 103 (1987). Rebuttal is not intended as a vehicle to permit an expert to repeat prior testimony so as to have the last word.

Based on the foregoing, we affirm the judgment entered on August 29, 1989 by the Court of Common Pleas of Mercer County. Jurisdiction is relinquished.