662 A.2d 665

Irene J. YANKOWSKY, Appellant,

v.

KATZ, INC., a Corporation, Price's of Oakland, Inc., a
Corporation, Sears, Roebuck & Co., a Corporation,
and Roper Corporation, a Corporation

v.

B & L INDUSTRIES and Jaftex Inc.

Irene J. YANKOWSKY

v.

KATZ, INC., a Corporation, Price's of Oakland, Inc., a
Corporation, Sears, Roebuck & Co., a Corporation,
and Roper Corporation, a Corporation,

v.

B & L INDUSTRIES and Jaftex Inc.

Appeal of SEARS ROEBUCK AND CO. and Roper Corporation.

Superior Court of Pennsylvania.

Argued May 17, 1995.

Filed July 21, 1995.

496

Arthur Cutruzzula, Pittsburgh, for Yankowsky.

Timothy J. Burdette, Pittsburgh, for Sears, Roebuck & Co.

Before POPOVICH, HUDOCK and OLSZEWSKI, JJ.

POPOVICH, Judge:

This is an appeal from the judgment entered in the Court of Common Pleas of Allegheny County. Herein, appellant challenges the propriety of several evidentiary rulings made by the trial court. We affirm.

We recount the history of this product liability action as follows: On January 27, 1988, appellant was seriously burned when her gas stove ignited her nightgown. She brought suit against the manufacturer and distributor of the stove, Sears, Roebuck & Company and Roper Corporation ("appellees"), and against certain garment manufacturers and sellers.[1] The case proceeded to trial beginning on March 10, 1993, and a

---

1. The manufacturers and sellers of the nightgown have not submitted briefs herein because appellant's points of error relate only to evidence of the manufacture and distribution of the stove.

jury returned its verdict on April 15, 1993. The jury found that the stove was defective but was not a substantial factor in causing appellant's injuries. The jury determined that the nightgown was not defective.

█ Post-trial motions were timely filed by both parties, and on October 21, 1993, the lower court entered an order denying these motions.[2] On November 18, 1993, appellant filed a notice of appeal. On November 24, 1993, appellees filed a cross appeal. The parties then timely filed a concise statement of matters complained of on appeal. On January 4, 1995, the lower court issued a statement in lieu of opinion.[3]

In this case, appellant presents the following arguments for our evaluation:

I. THIS HONORABLE COURT ERRED IN NOT ALLOWING THE VIDEO TAPE OF THE OPERATION OF THE STOVE, PREPARED BY DEFENDANT, SEARS–ROPER, (PLAINTIFF'S EXHIBIT 13) TO GO OUT WITH THE JURY, AND ERRED IN ADMITTING INTO EVIDENCE THE "FIELD" PHOTOGRAPHS CONTAINED IN SEARS–ROPER EXHIBITS O, P, Q, R, S AND T AND IN ALLOWING THE SAME TO GO OUT WITH THE JURY.

II. IN LIGHT OF THE PARTICULAR FACTS OF THIS CASE AND THE PARTICULAR VERDICT OF THE JURY THIS HONORABLE COURT ERRED IN

**2.** Appellees filed post-trial motions seeking relief in the event that the lower court found merit to appellant's post-trial motions. Because the lower court determined that the issues raised in appellant's post-trial motions were meritless, it denied appellees' motions.

**3.** In the statement in lieu of opinion, the lower court determined that a brief filed by appellees properly explained the court's reasoning behind its evidentiary rulings. R. 154. We find the statement issued by the lower court fails to satisfy the requirement of Rule 1925(a). Nevertheless, from our examination of the notes of testimony and the parties' briefs, we are able to consider thoroughly the issues raised by appellant. Thus, we decline to remand this matter to the trial court for compliance with Rule 1925(a). *Compare Commonwealth v. Pate,* 421 Pa.Super. 122, 617 A.2d 754 (1992), *appeal denied,* 535 Pa. 656, 634 A.2d 219 (1993) (trial court may not simply defer to earlier rulings of other judges for its 1925(a) opinion; record was complete to review the issues meaningfully).

NOT ALLOWING THE ADMITTED SEARS–ROPER EXHIBIT F, THE IRENE YANKOWSKY PARAMEDIC TRIP SHEET, AND A PORTION OF THE ADMITTED PLAINTIFF'S EXHIBIT 41, DR. CHAMBERS WRITTEN WEST PENN HOSPITAL HISTORY, TO GO OUT WITH THE JURY.

III. THE TRIAL COURT'S REFUSAL TO PERMIT OR COMPEL THOMAS MCGUIRE'S TESTIMONY, GIVEN THE CIRCUMSTANCES UNDER WHICH THIS TESTIMONY WAS SOUGHT, CONSTITUTES REVERSIBLE ERROR.

IV. THIS HONORABLE COURT ERRED IN NOT PERMITTING THE PLAINTIFF TO WEAR PLAINTIFF'S EXHIBIT 6, WHILE DEMONSTRATING HOW SHE IGNITED THE STOVE.

Appellant's Brief at i–ii.[4]

Because appellant's first and second points of error both challenge the lower court's rulings as to evidence going out with the jury, we address them concurrently. "[C]ase law provides that the trial court has the discretion to determine which exhibits should be permitted to go out with the jury." *Wagner by Wagner v. York Hosp.*, 415 Pa.Super. 1, 15–16, 608 A.2d 496, 503 (1992), *appeal discontinued*, 532 Pa. 646, 614 A.2d 1143 (1992), *citing, Mineo v. Tancini*, 349 Pa.Super. 115, 502 A.2d 1300 (1986). *See DeVita v. Durst*, 167 Pa.Commw. 105, 647 A.2d 636 (1994).

As to the denial of the video going out with the jury, appellant argues that the jury was unable to inspect closely "the size, direction, height, volume and proximity to the control knobs and to [appellant's] gown of the extended flame upon ignition." Appellant's Brief at 19. That video was prepared by appellees' expert witness at appellant's house on May 17, 1991, and was marked as "Plaintiff's Exhibit 13". Additionally, appellant contends that the jury's examination was skewed by allowing appellees' "stills" or "frames", i.e.

---

4. Because we find appellant's contentions are meritless, we need not address the issue raised by appellees on their cross appeal. The viability of that issue hinges upon the finding that a claim of appellant has merit.

photographic images frozen in time, of the aforesaid video to go out with the jury.[5] The "stills" were provided in appellees' exhibits O, P, Q, R, S and T. Appellant maintains that the "stills" failed to depict accurately the flame image since they contained only one half of the visual information as compared to the video.

Our review of the trial transcript reveals that the video tape was shown to the jury during appellant's direct examination of her expert witness. Trial N.T. 3/19/93 at 261–269. Over appellees' objection, the trial court also allowed appellant to rewind the tape to focus the jury's attention on a particular segment which appellant contended showed the range flaring upon ignition. Trial N.T. 3/19/93 at 268. On cross-examination of appellees' expert witness, the video was again shown to the jury. Trial N.T. 4/1/93 at 686–689. Appellant questioned this witness extensively about the accuracy of the flame image captured in the "stills" compared to that revealed in the video tape. Trial N.T. 4/1/93 at 684–687; Trial N.T. 4/2/93 at 708–720, 763–765.

We conclude that the trial court's decision of allowing the "stills" and precluding the video to go out with the jury was not prejudicial to appellant. We do not find that the jury gave undue weight to the reliability of the "stills" versus that of the video merely because they had access to the former during deliberation. The relevant substance of the video tape was

5. Appellant initially asserts that the lower court erred in admitting the "stills" into evidence. Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court whose rulings will not be disturbed absent a clear abuse of discretion. *Gallegor by Gallegor v. Felder*, 329 Pa.Super. 204, 210–11, 478 A.2d 34, 38 (1984). At side-bar, the trial judge extensively examined the arguments from counsel regarding the probative value of the "stills" and determined that they should be admitted into evidence. Trial N.T. 3/31/93 at 463–475. The trial judge found that the "stills" depicted the flame front more specifically than a compacted video frame prepared and offered by appellant as "Plaintiff's Exhibit 14". Trial N.T. 3/31/93 at 471–474. We conclude that the lower court did not abuse its discretion in admitting the "stills" into evidence. *See Commonwealth v. Hindi*, 429 Pa.Super. 169, 631 A.2d 1341 (1993) (trial court did not abuse its discretion in admitting into evidence still photographs taken from video tape but precluded admissibility of slow motion and freeze frame from the same video tape).

scrutinized by the jury throughout the trial. *See Kearns v. Clark,* 343 Pa.Super. 30, 37–38, 493 A.2d 1358, 1362 (1985) (trial court did not abuse discretion in refusing to allow documents admitted into evidence to go out with jury; documents had been read to jury and were the subject of direct testimony and cross-examination).

■ Similarly, we are convinced that the trial court did not abuse its discretion in refusing to allow a paramedic trip sheet and a medical report relating to the occurrence of appellant's injuries to go out with the jury. Each was admitted into evidence, read to the jury and was intensively probed into during direct testimony and cross-examination. Trial N.T. 3/30/93 at 13–14, 30, 32–33, 35–36, 40–47, 68–69, 72–73; Trial N.T. 4/6/93 at 833–839.

Directing our attention to appellant's third issue raised herein, we recognize that as a general rule, "the admission or rejection of rebuttal evidence is within the sound discretion of the trial judge." *Neal by Neal v. Lu,* 365 Pa.Super. 464, 476, 530 A.2d 103, 110 (1987), *quoting, Mapp v. Dube,* 330 Pa.Super. 284, 294, 479 A.2d 553, 557 (1984). *See Kline v. Behrendt,* 396 Pa.Super. 302, 578 A.2d 526 (1990) (trial court did not abuse its discretion in excluding rebuttal testimony where that testimony was composed solely of information already presented or immaterial).

■ Appellant argues that Thomas McGuire's testimony was essential to rebut the testimony presented by defense on the issue of causation. Mr. McGuire and three other paramedics attended to the injuries of appellant. The lower court denied appellant's request for a continuance to procure Mr. McGuire's appearance at trial. Trial N.T. 4/6/93 at 885.

Appellant asserts that Mr. McGuire would have testified as follows: appellant was "screaming when the paramedics arrived; that [appellant's] injuries were caused by the stove, but that he was not certain how she was injured; that he remembered nothing wrong with either the back door or the screen door in [appellant's] kitchen; and that the paramedics are instructed to write in their trip sheet how an incident occurred...." Appellant's Brief at 30–31.

From our view of the notes of testimony, we conclude that the lower court did not abuse its discretion in refusing to allow Thomas McGuire to testify in rebuttal. We are of the opinion that testimony about appellant screaming at the time the paramedics arrived and about the condition of the kitchen doors were immaterial to the issue of causation.[6] We find that testimony proffered by Mr. Murphy with respect to the occurrence of the stove igniting appellant's nightgown would have been cumulative, at best, of the testimony presented by appellant's treating physician, Dr. Theodore P. Chambers. Trial N.T. 4/6/93 at 839. Further, we find, as cumulative, testimony proffered by Mr. Murphy concerning the propriety of a trip sheet prepared by the other attending paramedics. Trial N.T. 3/30/93 at 14, 40, 72.

■ Appellant's final point of error contests the trial court's ruling which precluded appellant from wearing an exemplar nightgown while demonstrating how she ignited the stove. "A wide discretion is vested in the trial court judge in permitting demonstrations or experiments to be made in the presence of the jury." *Commonwealth v. Thomas,* 394 Pa.Super. 316, 324–25, 575 A.2d 921, 925 (1990), *quoting, Commonwealth v. Soli,* 273 Pa.Super. 158, 165, 417 A.2d 216, 219 (1979).

Here, the trial court allowed appellant to place her right arm through the sleeve of the exemplar gown and inform the jury about the approximate fit of the sleeve worn when she was injured. Trial N.T. 3/16/93 at 227–228. The trial court then denied appellant's request that she be able to approach the range and demonstrate how the ignition occurred while wearing the exemplar gown. Trial N.T. 3/16/93 at 228–229. The exemplar gown was a different size compared to the gown worn by appellant when she was injured. The lower court found that a demonstration was not appropriate in view of the fact that appellant did not provide a gown of the same size. Trial N.T. 3/16/93 at 229. However, the court below permitted appellant to approach the range and show how the ignition

---

**6.** We also note that Mr. Murphy's testimony about the condition of the doors would have been cumulative of the testimony presented by Frances Tate, a neighbor of appellant. Trial N.T. 4/2/93 at 809.

occurred without wearing the exemplar gown. Trial N.T. 3/16/93 at 229.

Upon examination of appellant's claim, we conclude that the trial court did not abuse its discretion in denying her request to wear the exemplar gown during the demonstration. We find no basis to disturb the lower court's determination in light of the fact that the sizes of the gowns were dissimilar and that the trial court was in the position to assess the experiment's negative impact compared to its probative value.

Having scrutinized appellant's contentions and finding them to lack merit, we, accordingly, affirm the order entered by the lower court.

Judgment affirmed.