**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. No. 06-40976
c/w No. 06-41009
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BOCHICCHIO,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-503-2
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

David Bochicchio appeals his conviction and sentence for bank robbery in violation of 18 U.S.C. § 2113. He also appeals the district court's finding, based on that conviction, that he violated the terms of his supervised release.

Bochicchio challenges the district court's denial of his motion to suppress an eyewitness's identification testimony on the ground that the identification derived from an impermissibly suggestive photographic line-up and resulted in an unreliable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

identification.  We conclude, that the photographic line-up was not impermissibly suggestive.  See United States v. Sanchez, 988 F.2d 1384, 1389 (5th Cir. 1993).

Bochicchio also argues that the evidence was insufficient to support his conviction of bank robbery.  We have reviewed the record and the briefs of the parties and hold that the evidence presented at trial was sufficient for a reasonable jury to have found, beyond a reasonable doubt, that Bochicchio committed the instant offense.  See United States v. Roberts, 481 F.2d 892, 893-94 (5th Cir. 1973).

Bochicchio's remaining arguments, that the prosecutor made improper ex parte remarks and that the district court erred in ruling that proffered defense testimony would open the door to evidence regarding his prior criminal history, lack merit. See United States v. Munoz, 150 F.3d 401, 414 (5th Cir. 1998); United States v. Rogers, 126 F.3d 655, 658-60 (5th Cir. 1997).

Because we affirm Bochiccio's conviction for the reasons given above, we similarly uphold the district court's determination that he violated the terms of his earlier supervised release.

The judgments of the district court are, therefore, AFFIRMED.