J-S13034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK YOUNG | |
| Appellant | No. 1468 WDA 2013 |

Appeal from the PCRA Order dated August 12, 2013
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0001352-2010

BEFORE: PANELLA, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 31, 2014**

Derrick Young appeals *pro se* from the order dated August 12, 2013 that dismissed his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Because the PCRA court failed to comply with Pennsylvania Rule of Appellate Procedure 1925(a), we remand for the filing of a Rule 1925(a) opinion.

Appellant is serving a prison sentence of 15 to 30 years for his conviction of rape by forcible compulsion, 18 Pa.C.S.A. § 3121(a)(2), and other crimes. After exhausting his direct-appeal rights, Appellant filed a timely *pro se* first PCRA petition in which he contended that his trial counsel was ineffective. The PCRA court appointed Dianne Zerega, Esq. to represent Appellant. On August 6, 2013, Ms. Zerega moved to withdraw as counsel

and filed a **_Turner_**/**_Finley_**[1] no-merit brief contending that Appellant's PCRA

petition was meritless.  On August 12, 2013, the PCRA court entered the

following order:

> AND NOW, this 12th day of August, 2013, upon review of the
> Post-Conviction Relief Act Petition filed by Defendant and the
> "No-Merit" Brief filed by appointed counsel, Dianne Zerega,
> Esquire, the Petition for Relief is **DENIED**.

Trial Court Order, 8/12/13.  The same day, the PCRA court also granted Ms.

Zerega's motion to withdraw as counsel.[2]

Appellant filed a timely *pro se* notice of appeal on September 4, 2013.

With the notice of appeal, Appellant filed an unprompted concise statement

of errors complained of on appeal.  On the same day, the PCRA court filed

the following statement:

> AND NOW, this 4th day of September, 2013, having received the
> Notice of Appeal from our ORDER DENYING the Defendant Derick
> Young's Post-Conviction Relief Act Petition, we find that the well-
> reasoned "No-Merit" **_Finley_** brief entered into the record on the
> 6th day of August 2013 by appointed counsel, Dianne Zerega,

---

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The PCRA court failed to give notice to Appellant and 20 days to respond prior to dismissing the petition.  **See** Pa.R.Crim.P. 907(1) (providing that a trial judge "*shall* give notice . . . of intention to dismiss" a PCRA petition without a hearing) (emphasis added).  **But see Commonwealth v. Pursell**, 749 A.2d 911, 917 n.7 (Pa. 2000) (criticizing a PCRA court for failing to provide a Rule 907 notice, but rejecting the claim on appeal because the PCRA petition was facially untimely); **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.").

Esq., has squarely addressed all relevant issues raised on appeal. Therefore, believing all issues to be without merit, the Court shall rely on the record.

Trial Court Statement in lieu of Opinion Pursuant to Pa.R.A.P. 1925, 9/5/2013. The trial court did not address the issues raised in Appellant's concise statement.[3]

_____

[3] The law is unclear as to whether Appellant is limited to the issues in his concise statement even though the PCRA court did not order him to file one. In *Commonwealth v. Snyder*, 870 A.2d 336, 341 (Pa. Super. 2005), this Court held that the appellant waived all issues not included in his unprompted concise statement.

> It is of no moment that appellant was not ordered to file a 1925(b) statement. Appellant filed his statement contemporaneously with his notice of appeal. Accordingly, there was no need for the trial court to order him to file a 1925(b) statement. If we were to find that because he was not ordered to file a 1925(b) statement, he has not waived the issues he neglected to raise in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule.

*Id.* However, in our recent decision in *Commonwealth v. Antidormi*, 84 A.3d 736, 744-45 (Pa. Super. 2014), we refused to conduct a waiver inquiry because the trial court did not order the appellant to file a concise statement, even though he did so.

> Because the trial court did not order the filing of a Rule 1925(b) statement, we will not conduct a waiver inquiry pursuant to Pa.R.A.P. 1925(b)(4). The requirements of Rule 1925(b) are not invoked in cases where there is no trial court order directing an appellant to file a Rule 1925(b) statement. *See Commonwealth v. Thomas*, 451 A.2d 470, 472 n. 8 (Pa. Super. 1982) ("[T]he lower court must order a concise statement of [errors] complained of on appeal and appellant must fail to comply with such directive before this Court can find waiver[.]"); *see also Commonwealth v. Hess*, 810 A.2d 1249, 1252 (Pa. 2002).

*Antidormi*, 84 A.3d at 745 n.7 (parallel citations omitted).

"We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). "This review is limited to the findings of the PCRA court and the evidence of record." ***Id.*** "We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Id.*** When a PCRA court dismisses a petition without a hearing, our review "is limited to the findings of the PCRA court and the evidence of record." ***Id.*** "A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1094 (Pa. 2012).

Rule 1925(a) provides:

(1) *General rule.* – Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, *if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of,* or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1) (second paragraph omitted) (emphasis added). "The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." ***Commonwealth v. Grundza***, 819 A.2d 66, 68 (Pa. Super. 2003) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998)). Also, a trial court cannot rely on a party's brief in lieu of a Rule 1925(a) opinion that explains the bases for its rulings. ***Yankowski v. Katz, Inc.***, 662 A.2d 665, 667 n.3 (Pa. Super. 1995).

In **Commonwealth v. Williams**, 732 A.3d 1167, 1174 (Pa. 1999), for example, the PCRA court adopted wholesale the Commonwealth's brief in dismissing the petitioner's capital PCRA petition. On direct appeal, our Supreme Court strongly disapproved of the PCRA court's actions, and remanded for the filing of a proper opinion. **Id.** at 1176. Though the **Williams** court was motivated, in part, by the capital nature of the case, the holding has been extended to non-capital cases. **Commonwealth v. Fulton**, 876 A.2d 342, 345 (Pa. 2002) ("Accordingly, we hold that the rule in . . . **Williams** applies equally to non-capital criminal cases.").

Contrary to the PCRA court's statement, the reasons for its dismissal are not of record. The PCRA court failed to explain why it found Appellant's PCRA petition meritless.

The PCRA court could not solely rely on counsel's no-merit letter for two reasons. First, **Turner**/**Finley** requires an "independent review" of the record by the PCRA court. **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012); **see also Fulton**, 876 A.2d at 345 (noting that a PCRA court must necessarily conduct an "*independent judicial analysis* in support of dispositive orders so as to better focus appeals and better facilitate the appellate function") (emphasis added). Second, on appeal, this Court cannot review the sufficiency of a no-merit letter filed in the PCRA court. **Commonwealth v. Pitts**, 981 A.2d 875, 880 (Pa. 2009). Were we to accept the PCRA court's wholesale reliance on the no-merit letter, we would need to weigh the sufficiency of that letter, in violation of **Pitts**.

Here, the PCRA court entered a one-sentence dismissal order. After Appellant filed his notice of appeal with an unprompted concise statement, the PCRA court incorporated counsel's no-merit letter in a second one-sentence statement in lieu of a Rule 1925(a) opinion. In sum, the PCRA court's actions preclude us from conducting appellate review. Although we owe no deference to the PCRA court's legal conclusions, we have nothing to review regarding its factual findings in support of its conclusion that Appellant's PCRA petition is meritless. Therefore, we remand for the filing of a Rule 1925(a) opinion. The PCRA court must file its opinion within 30 days of the date of remand.

Case remanded for the filing of a Rule 1925(a) opinion. Panel jurisdiction retained.